Arthur D. **DAVIS**, Plaintiff,

v.

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY,**
Defendant.

No. 92–848–Civ–J–16.

United States District Court,
M.D. Florida,
Jacksonville Division.

Nov. 9, 1993.

---

21. The Circuit Court transcript contains some 1000 pages.

Courtney Johnson, Jacksonville, FL, for plaintiff.

Michael W. Casey, III, Orlando, FL, for defendant.

### ORDER GRANTING SUMMARY JUDGMENT

JOHN H. MOORE, II, Chief Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment filed August 11, 1993 (Doc. # 28). Plaintiff has failed to respond to the summary judgment motion. Upon due consideration, the Court finds that Plaintiff has failed to establish a prima facie case of discrimination or retaliation and that summary judgment should be entered for the Defendant.

### I. Background Facts

Plaintiff, Arthur D. Davis, was employed as a service manager with Defendant, American Telephone and Telegraph ("AT & T"), until December 27, 1990 when he was terminated from the Atlanta General Business Services Customer Service section. Plaintiff, acting pro se, filed an Amended Complaint alleging a violation of 42 U.S.C. § 2000e *et seq.* (Title VII) by the Defendant on May 7, 1993. On August 11, 1993, Defendant filed its Motion for Summary Judgment to which Plaintiff failed to timely respond. Plaintiff ultimately retained counsel who filed a Notice of Appearance on September 1, 1993 and has acquired two stipulations for the extension of discovery. Pursuant to the Court's Order of October 15, 1993, Plaintiff was provided the opportunity to file an untimely response to Defendant's motion. Plaintiff failed to avail himself of this opportunity. Further, at the Final Pre-trial Conference held on November 4, 1993 before Magistrate Judge Steele, Plaintiffs counsel was advised that the Court would rule on Defendant's motion and yet he could offer no reason why the motion should not be granted.

### II. Standard of Review

Summary judgment is appropriate only when the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. In making this determination, "the Court must view all of the evidence in a light most favorable to the non-moving party." *Samples on Behalf of Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). The moving party has the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Next, the "non-moving party . . . bears the burden of coming forward with sufficient evidence of every element that he or she must prove." *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987). To that end, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2553.

In employment discrimination cases, summary judgment may be entered if the plaintiffs have failed to carry their burden of proof on elements of the prima facie case. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1081 (11th Cir.1990). When discovery has been conducted, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly pro-

bative, summary judgment may be granted." *Id.* at 1080 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). It is not rare for summary judgment to be entered for the defendant in an employment discrimination case. *Id.* at 1081.

### III. Discussion

Plaintiff alleges in his Complaint that he was discriminated against on the basis of his race and ultimately terminated in retaliation for his complaints of discrimination. Specifically, Plaintiff asserts that Defendant discriminated against him when he was identified as an at risk employee and subsequently terminated in retaliation for prior complaints of discrimination. Defendant argues that Plaintiff was identified as an at risk employee because of poor work performance evaluations and a reduction in force. Further, Defendant contends that Plaintiff was not terminated as a result of retaliation but was in fact provided the opportunity for reassignment within the company prior to being terminated.

█ The failure to establish a prima facie case of discrimination warrants summary judgment. *Pace v. Southern Railway System,* 701 F.2d 1383, 1391 (11th Cir.), *cert. denied,* 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983). In order to establish a prima facie case of discrimination in a reduction in force case, Plaintiff must demonstrate: 1) that he was in a protected class and was adversely effected by an employment decision, 2) that he was qualified for his current position or to assume another position at the time of discharge or demotion, and 3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of the plaintiff's protected class status in reaching the decision at issue. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1082 (11th Cir.1990).

█ A prima facie case has not been established when the Plaintiff fails to proffer proof sufficient to impose a burden of rebuttal, *Pace,* 701 F.2d at 1391. When faced with a motion for summary judgment, the plaintiff cannot merely rely on the possibility that a jury might infer a discriminatory motive, but must come forward with sufficient evidence to establish a prima facie case. *Id.* The plaintiff must sufficiently respond to any rebuttal evidence offered by the defendant to create the genuine issue of material fact necessary to defeat summary judgment. *Id.* Even if the plaintiff has established a prima facie case, summary judgment may be granted if the defendant has produced evidence of a legitimate nondiscriminatory reason for the employment action. *Earley,* 907 F.2d at 1081. The plaintiff must present concrete evidence in the form of specific facts that demonstrates that the defendant's proffered reason is a mere pretext. *Id.*

█ Defendant has proffered rebuttal evidence that Plaintiff was terminated for the legitimate reason of a "Force Management Program" intended to reduce Defendant's management work force. (Neeld Aff.Ex. A and B.) The Defendant has submitted evidence that the Plaintiff, as well as another white employee, were identified in accordance with quantitative criteria, (Neeld Aff. ¶ 7, Ex. F), as at risk employees due to their poor performance evaluations, (Neeld Aff. ¶¶ 6 and 7; Ex. D and E), and that Plaintiff was encouraged in accordance with a "Plan for Assistance in Career Transition" ("PACT") to seek other employment within the company prior to being terminated. (Neeld Aff. ¶¶ 3 and 4.) Further, Defendant has submitted evidence of an independent assessment of Plaintiff's performance evaluations that determined the identification of Plaintiff as an at risk employee was not racially motivated. (Copoland Aff. ¶ 3.)

In light of this evidence, Plaintiff has offered absolutely no evidence that his designation as an at risk employee was racially motivated or that he was terminated on the basis of retaliation. Instead, Plaintiff has opted to rely on his pleadings and ignore the opportunity this Court provided him to file an untimely response to Defendant's motion. Plaintiff has utterly failed to establish a prima facie case of Title VII discrimination or retaliation. Therefore, the Court finds that summary judgment is warranted.

Accordingly, it is

### ORDERED AND ADJUDGED:

That Defendant's Motion for Summary Judgment filed August 11, 1993 (Doc. # 28)

be and the same is hereby **GRANTED** and this case is hereby **DISMISSED.**

**DONE AND ORDERED.**

### *ORDER*

This cause is before the Court after the Final Pre-trial Conference held on November 4, 1993 before Magistrate Judge Steele. At the conference, Plaintiff's counsel, Mr. Courtney Johnson, failed to show cause why sanctions should not be imposed for his failure to submit a Pre-trial Stipulation in accordance with the Court's Docket Control Order of April 8, 1993. Further, Plaintiff's counsel has failed to show cause why sanctions should not be imposed for his failure to respond to Defendant's Motion for Summary Judgment after he filed a motion requesting the opportunity to complete discovery and to file a response. Therefore, the Court finds that sanctions are appropriate. Accordingly, it is

**ORDERED AND ADJUDGED:**

That counsel for the Plaintiff, Mr. Courtney Johnson, is hereby **SANCTIONED** in the amount of $250.00, payable to the Clerk of Court on or before 5:00 p.m., Friday, November 19, 1993.

**DONE AND ORDERED.**