Jorge FERRIOL, Plaintiff,

v.

BRINK'S INCORPORATED, Defendant.

No. 92–1857–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 13, 1994.

Jay Starkman, Starkman and Magolnick, P.A., Miami, FL, for plaintiff.

Keith J. Harrison and Jeffrey W. Pagano, King, Pagano and Harrison, New York, NY, Janet L. Humphreys, Kozyak, Tropin, Throckmorton, and Humphreys, Miami, FL, for defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon defendant's Motion for Summary Judgment (docket entry 15) filed on November 1, 1993.

THE COURT has considered the Motion, responses and the pertinent portions of the record, including the affidavits and voluminous transcripts of the depositions of Jorge Ferriol, Angel Guinea, Alvaro Mendoza and Anatoli Dominguez. The Court, after reviewing the entire record, grants the motion in favor of the defendant. While Ferriol narrowly escapes summary judgment with respect to establishing a *prima facie* case of age discrimination, he fails to present any probative evidence showing that the defendant's stated rationale for his discharge is pretextual. Accordingly, the Court grants the defendant's Motion for Summary Judgment.

### LEGAL STANDARD

Summary judgment is authorized only when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In applying this standard, the *Adickes* Court explained that when assessing whether the movant has met its burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the

facts should be resolved in favor of the non-movant. *Id.*

If the record presents factual issues, the court must not decide them. Instead, the court must deny the motion and proceed to trial. *Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir.1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir.1982).

Moreover, the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence. Only when that burden has been met by the movant does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings. After the moving party has established the absence of any genuine issue of material fact, the non-moving party must establish the essential elements of that party's case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Brink's bears the burden of showing that there is no genuine issue of material fact regarding each element of a *prima facie* case of discrimination. If Brink's fails to do so, it can still prevail by asserting a legitimate non-discriminatory reason for discharging Ferriol and establishing that there is no question of material fact regarding the validity of the stated reason or the lack of discriminatory basis for the discharge.

## BACKGROUND

Jorge Ferriol alleges that Brink's terminated his employment in violation of the Age Discrimination in Employment Act (ADEA). The undisputed facts show that Brink's originally hired Ferriol when he was 57 years of age and promoted Ferriol one year later. Ferriol worked as a driver for Brink's, a corporation engaged in the business of transporting and protecting currency through the use of armored vehicles. He was routinely assigned to drive various routes.

On Saturday, December 22, 1990, Joaquin Tourino, the Assistant Branch Manager for the Miami facility of Brink's, informed the messenger working with Ferriol that he and Ferriol would have to make a "special" pick-up at the Don Shula Toll Plaza on the 836 Expressway. Ferriol performed this special pick up many times previously.

When Ferriol arrived at the Toll Plaza, the pick-up was not ready. Ferriol did not wait for the customer to finish preparing the shipment. Instead, Ferriol left the premises, drove the armored vehicle back to the Miami facility, and indicated that he was going home. Upon Ferriol's return to the Miami Brink's facility, Anatoli Dominguez, the branch cashier, instructed Ferriol that the pick-up at the toll plaza was ready and that Ferriol would have to drive his vehicle back to the plaza to complete his assignment.

In violation of a Brink's policy providing that "an employee actively on duty may not leave the job without permission from the office," Ferriol refused to obey the work order to finish the assigned pick-up. The Brink's Handbook provides that "[b]ecause we are a service organization and because of the many factors that govern our type of business, the company can make no commitments as to your finishing time for your working day."

Ferriol testified at deposition that when he returned to the Brink's facility with his vehicle he determined that he had completed his work for the day. Ferriol decided that he did not need to complete the run because

there were "four other trucks out there that could do the run, not just mine". No Brink's employee had ever refused such an assignment from the cashier.

Due to the serious nature of Ferriol's insubordination, Dominguez called the Acting Branch Manager, Alvaro Mendoza, at home to inform him that Ferriol refused to complete his route assignment. Mendoza directly instructed Ferriol to complete his assignment, but he again refused.

On December 24, 1990, Mendoza met with his superior, Angel Guinea, Brink's General Manager for the South Florida Region, to discuss Ferriol's refusal to complete his assignment and the abandonment of his job duties. Following the meeting, Brink's discharged Ferriol.[1]

Ferriol does not dispute Brink's Statements of Material Facts. The only disagreement presented is whether Ferriol was replaced by a younger individual, albeit still within the protected age group, or whether his job duties were simply absorbed by various employees.

### LEGAL ANALYSIS

The burdens of production and proof at trial in this age discrimination case are governed by *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In that case the Supreme Court determined that the plaintiff has the initial burden of proving a *prima facie* case of discrimination by a preponderance of the evidence. Further, the court reasoned that if the plaintiff successfully carries the initial burden, then the plaintiff has raised a presumption of discrimination and the burden shifts to the defendant to produce evidence that the plaintiff was terminated for a legitimate, nondiscriminatory reason.

■ In the context of this age discrimination case, the burden to establish a *prima facie* case of age discrimination is on the former employee, Jorge Ferriol. In order to establish a *prima facie* case of age discrimination under the Age Discrimination in Em-

ployment Act, 29 U.S.C. § 621 *et seq.*, a plaintiff must show: "(1) that plaintiff was between forty and seventy, and thus in the protected age group, (2) that plaintiff was qualified to do the work, (3) that the employer discharged plaintiff and (4) that the employer subsequently replaced plaintiff or sought a replacement." *Rollins v. Tech-South, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987).

■ Brink's claims that Ferriol fails to establish a *prima facie* case because Brink's did not replace Ferriol and that if it did replace Ferriol, the replacement was also within the protected class. Ferriol counters that it can make a *prima facie* case in either instance. If Brink's did not replace Ferriol, a court can nonetheless find a *prima facie* case because it is possible to discriminatorily discharge an employee without hiring a replacement. *See Earley v. Champion Int. Corp.*, 907 F.2d 1077 (11th Cir.1990). Similarly, an employer can discharge an employee protected by the ADEA and replace the employee with a younger replacement who is still within the protected class. *See Alphin v. Sears, Roebuck & Co.* 940 F.2d 1497 (11th Cir.1991).

■ If Brink's did not replace Ferriol, the Court would find under *Earley*'s standard for presenting a *prima facie* case, that Ferriol fails to withstand Defendant's Motion for Summary Judgment. *Earley* provided a variation of the *prima facie* requirement for cases in which a plaintiff is not replaced. *Earley v. Champion Int. Corp.*, 907 F.2d at 1082. Ferriol utterly fails to satisfy the third prong of that test which requires "evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue," *id.* The Court cannot, however, grant the Motion for Summary Judgment on this basis because whether or not Brink's replaced Ferriol is a factual question for a jury to determine.

If Brink's did replace Ferriol, Brink's cannot prevail on its summary judgment motion on the issue of the *prima facie* case.[2] Under

---

1. On other occasions, prior to his dismissal, Ferriol had been disciplined.

2. Although Brink's did not raise the issue in its briefs or at oral argument, the Court does ques-

the current state of the law, the burden on a Title VII plaintiff to establish a *prima facie* case is minimal. Apparently, it is met with little more than a birth certificate and a pink slip. The instant case illustrates this fact. Ferriol has filed no evidence of any nexus between the discharge and his age. Ferriol's age is as unrelated to his discharge as his ethnic background or religion. Nonetheless, by falling within the protected class, Ferriol seems to withstand the motion for summary judgment as it relates to the *prima facie* case of age discrimination. Thus, the burden shifts to Brink's to state a nondiscriminatory rationale for the discharge.

This burden, like Plaintiff's *prima facie* burden, is easily fulfilled. Judge Fay articulated the standard in *Rollins*, 833 F.2d at 1528–29:

> If plaintiff can establish a prima facie case, a presumption arises that defendant fired plaintiff for discriminatory reasons. *Defendant can easily rebut this presumption*, however, by articulating some legitimate reason for its actions. Once defendant states a legitimate reason, plaintiff must show that defendant's articulated reason is merely a pretext and that defendant's true reason for discharging plaintiff was discrimination.

(emphasis added). Brink's states a nondiscriminatory reason for the discharge and supports that stated reason with testimonial, circumstantial, documentary and statistical[3] evidence. The record is replete with evidence that Brink's discharged Ferriol for insubordination when Ferriol disobeyed orders. Ferriol, in turn, has failed to offer any evidence to establish that Brink's reason is pretextual or that the real reason for the discharge was Ferriol's age. Ferriol even admitted much of the conduct which Brink's claims led it to discharge Ferriol. Ferriol fails to carry his burden of negating Brink's neutral reasons for the discharge.

tion whether an insubordinate employee is "qualified" to work for a security company where trust and accountability are essential qualities for employees to possess. If an insubordinate employee is, as a matter of law, "unqualified" the Plaintiff fails to meet his burden of presenting a *prima facie* case. Regardless, the question whether Ferriol's insubordination rendered him unqualified for the job would be one for the jury.

Other cases with stronger facts supporting a discharged employee's age discrimination claims have failed to avoid an adverse summary judgment. *See Earley v. Champion Int. Corp.*, 907 F.2d 1077 (11th Cir.1990); *Murphy v. Yellow Freight System, Inc.*, 832 F.Supp. 1543 (N.D.Ga.1993). In the instant case, where the evidence of discriminatory intent or behavior is totally lacking and where defendant files substantial evidence of a legitimate non-discriminatory reason for the discharge, summary judgment is appropriate.

Accordingly, final judgment is entered in favor of defendant Brink's Incorporated, pursuant to Fed.Rule Civ.P. 56. The case is dismissed and all pending motions are denied as moot.

DONE and ORDERED.

**3.** The statistical analysis of Defendant's hiring record at the defendant's Miami facility between January 1, 1990 and October 5, 1993 demonstrates that 43% of the hired employees were over 40 years of age and only 4% of the 19 whose employment was terminated were of the age protected by the statute.