Norma ROLLINS, Plaintiff–Appellant,

v.

TechSOUTH, INC., Defendant–Appellee,

No. 86–7872.

United States Court of Appeals,
Eleventh Circuit.

Dec. 15, 1987.

Melinda Lawrence Denham, C. Michael Quinn, Robert L. Wiggins, Birmingham, Ala., for plaintiff-appellant.

Chris Mitchell, Constangy, Brooks & Smith, Carol Sue Nelson, Birmingham, Ala., for defendant-appellee.

Before FAY, Circuit Judge, HENDERSON\*, Senior Circuit Judge, and BLACK\*\*, District Judge.

FAY, Circuit Judge:

In this wrongful discharge case, claimant Norma Rollins appeals a grant of summary judgment against her. After reviewing the record, we have determined that Rollins has raised issues of material fact regarding her claim of discriminatory treatment. Accordingly, we reverse the district court's order and remand for a trial on the merits.

Appellee in this case is TechSouth, Inc. ("TechSouth"). TechSouth maintains and annually updates databases for the telephone directories in Alabama, Louisiana, Mississippi, and Tennessee. The databases contain the names of all businesses listed in the yellow pages, along with a record of the number of ads each client places in the directories.

Rollins began working for Datacomp, Inc. ("Datacomp"), TechSouth's predecessor corporation, on January 20, 1981, as an ad verifier in the in-column department. She was thirty-nine years old at the time. After several months in that position, she received a promotion and became an in-column unit leader. In this position Rollins worked directly under the supervisor of the in-column department, Lynn Hill. Rollins continued working in this capacity until 1983, when she moved to the accounting department. Although she did not receive a decrease in pay, she did assume a non-supervisory position.

The reasons for Rollins' transfer are disputed by the parties. It is clear that there was friction between Rollins and Hill. Rollins claims that Hill, who was approximately thirty years old at the time of Rollins' transfer, had repeatedly made comments to Rollins about her age. Rollins alleges that, in addition to commenting on how good Rollins looked for her age, Hill told Rollins that she did not like working with older women. She therefore argues that Hill disliked her because of her age.

TechSouth, on the other hand, points to appellant's performance as a unit leader. Steve Davis, who supervised the accounting division when Rollins first worked in that department, stated that Rollins had been causing discord and discontent in the in-column department. Hill had recommended that the company fire Rollins; instead, Davis and others decided to move Rollins into the accounting department, where she would be more isolated and therefore less likely to cause problems.

Rollins received evaluations indicating that her work in accounting was adequate.[1] Davis did issue a written reprimand to Rollins because she had discussed Hill's personal life with other employees; however, Davis later removed this from her record because Rollins discontinued this practice. In addition, Davis had to tell Rollins to spend less time talking to other employees when she picked up her work from them. Again, she corrected the problem promptly.

When Davis moved to another position at TechSouth, Elizabeth Abernathy took his place in accounting. Abernathy also gave Rollins a satisfactory evaluation, although she noted that Rollins did not like to take on extra responsibility. Abernathy's evaluation further stated that she did not know whether Rollins could be trusted with confidential matters.[2] No adverse employment action resulted due to Abernathy's

---

\* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable Susan H. Black, U.S. District Judge for the Middle District of Florida, sitting by designation.

1. Rollins stated that Davis told her that he rarely gave anyone an evaluation that was higher than the one she received. Davis denied stating this and instead said that Rollins' evaluation was probably a little below average.

2. Apparently, Abernathy was upset with Rollins for asking an employee from another department about the scope of dental coverage. Neither Rollins nor Davis could specify any single other situation that caused Abernathy to feel this way.

concerns; in fact, Rollins received a raise during her stay in the accounting department.

Then, in 1984, some changes occurred at TechSouth. In July, TechSouth was "spun off" from Datacomp. Along with this change, TechSouth had to absorb Datacomp's accounting functions for the region. In addition, TechSouth began renegotiating its contract with Bell South Advertising and Publishing Company. TechSouth decided to consider changing the billing procedure specified in the old contract. Instead of billing based on a count of the individual ads, the company wanted to adopt a system in which it would bill based on a page count.

This change, the company realized, would affect Rollins' job. For, Rollins' primary responsibility as an accounting clerk had been to count the corrections on each ad and prepare a worksheet and invoice for each customer. Rollins knew that TechSouth was considering making a change in the system, and had even worked on a report that discussed the change. But, she did not realize that the company was going to eliminate her job when it adopted the new procedure.

Another development, coupled with the possible change in the billing process, alerted appellant to the possibility that the company was planning to fire her. In November of 1984, Mike Richardson, a twenty-five year old male, was hired to work in TechSouth's accounting department. Rollins' supervisors told her to train Richardson to do her work. Rollins then went to Davis and asked him whether her job was in any danger. Davis assured her that the changes would have no effect on her job.

A few months later, on January 14, 1985, TechSouth fired appellant.[3]

When a group of TechSouth executives discussed the decision with Rollins, Rollins said that she wanted to stay with the company. Dewey Crim, president of TechSouth, assured her that they wanted to keep her on, but added that they could not find a place for her in the company. Rollins states that at this point she named three positions she felt she could fill. TechSouth, however, did not move her into one of these positions. In fact, appellee denies that there were any jobs open.[4] Appellee does assert that, prior to terminating Rollins, the company considered moving her back into the in-column department. Hill, one of the participants in the decision, stated that she did not want Rollins transferred back into the division because of the previous problems. Consequently, TechSouth did not move Rollins back.

Appellant believed that she had been fired because of her age and her sex. She therefore filed a charge with the Equal Employment Opportunity Commission. Subsequently, she received a right to sue letter and, on December 9, filed a complaint in the United States District Court for the Northern District of Alabama. Following discovery, TechSouth moved for summary judgment. On November 12, 1986 the district court granted this motion. Rollins then appealed to this court.

 In reviewing a grant of summary judgment, we must give the judgment plenary review, applying the same legal standards that bound the district court. *Carlin Communication, Inc. v. Southern Bell*, 802 F.2d 1352, 1356 (11th Cir.1986) (citation omitted). Summary judgment is

---

**3.** Davis admits that he had known that Rollins' job was being eliminated when Rollins questioned him. He explains that the company could not have afforded to lose Rollins prior to the change, and so as a matter of business necessity he did not tell her until she had become dispensible.

**4.** TechSouth does not present any company records to prove this, however. In addition, during Davis' deposition, appellant's attorney asked whether there was any way to find out whether there had been an opening in that department at the time of Rollins' termination. He responded that he did not know of any way to determine whether there had been a position available. We also have no record before us establishing exactly when other positions became available at the company. We view these as unresolved issues of fact.

appropriate in those cases in which there is no genuine issue of material fact. Fed.R. Civ.P. 56(c). In determining whether a factual issue exists, a court must consider all the evidence in the light most favorable to the non-moving party. *Mauter v. Hardy Corp.*, 825 F.2d 1554, 1556 (11th Cir.1987) (citation omitted). As the Supreme Court recently noted, this does not lessen the burden of the non-moving party in any way. The non-moving party still bears the burden of coming forward with sufficient evidence of every element that he or she must prove. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition, a court ruling on a summary judgment motion must evaluate the evidence in light of the proper standard of proof. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986) In a discrimination case, the plaintiff bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence. *See, e.g., Lincoln v. Board of Regents*, 697 F.2d 928, 937 (11th Cir.1983) (race discrimination).

We find that appellant has raised issues of material fact regarding age discrimination. As this court has noted, there is not simply one method for establishing age discrimination. *Pace v. Southern Railway System*, 701 F.2d 1383, 1386 (11th Cir.

1983). The plaintiff may present direct evidence of discrimination. By producing direct evidence, the plaintiff effectively shifts the burden of proof to the defendant, who must then show that there was no discrimination. It is rare that direct evidence of discrimination exists, however; consequently, plaintiffs more frequently attempt to prove their cases by presenting some form of circumstantial evidence. *See Williams v. General Motors Corp.*, 656 F.2d 120, 130 (5th Cir. Unit B 1981).[5]

■ In the case before us, appellant relied on circumstantial evidence of discrimination to prove her case.[6] This court applies a slightly modified version of the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).[7] The plaintiff must first establish a prima facie case of age discrimination, by showing (1) that plaintiff was between forty and seventy, and thus in the protected age group, (2) that plaintiff was qualified to do the work, (3) that the employer discharged plaintiff, and (4) that the employer subsequently replaced plaintiff or sought a replacement. If plaintiff can establish a prima facie case, a presumption arises that defendant fired plaintiff for discriminatory

---

**5.** *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982) declares that decisions issued by a Unit B panel of the former Fifth Circuit bind this court.

**6.** Appellant suggests that she has presented direct evidence of discrimination and thus has shifted the burden of proof to appellee to show that there was a legitimate reason for firing her. Appellant is correct that, where direct evidence of discrimination exists, a defendant has a much higher burden than it would where only circumstantial evidence is available. *See e.g., Bell v. Birmingham Linen Serv.*, 715 F.2d 1552, 1557–58 (11th Cir.1983).

Here, however, there is no direct evidence of discrimination. Direct evidence is "[e]vidence, which if believed, proves existence of fact in issue *without inference or presumption.*" Black's Law Dictionary 413 (5th ed. 1979) (citation omitted) (emphasis added). One example of direct evidence would be a scrap of paper saying, "Fire Rollins—she is too old." *See*

*Williams*, 656 F.2d at 130. This court found that there was direct evidence of discrimination when an INS reviewing committee set aside a female applicant's file without reviewing it because the two men knew the director would not consider hiring a woman investigator. *Lewis v. Smith*, 731 F.2d 1535 (11th Cir.1984). In these instances, the fact that the evidence exists, by itself, *proves* the discrimination. The evidence at issue here, on the other hand, *suggests* discrimination. The trier of fact must *infer* discrimination based on the evidence. By definition, then, it is circumstantial evidence.

**7.** These cases apply to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–1 to 2000e–17 (1982). Title VII claims involve discrimination based on race, religion, sex, and national origin. Age discrimination claims arise under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (1982 & Supp. III 1985).

reasons. Defendant can easily rebut this presumption, however, by articulating some legitimate business reason for its actions. Once defendant states a legitimate reason, plaintiff must show that defendant's articulated reason is merely a pretext and that defendant's true reason for discharging plaintiff was discrimination. Plaintiff can establish pretext by showing that despite the stated business reason, plaintiff would not have been fired but for discrimination, or by proving that employer's explanation is not credible. *See Reynolds v. CLP Corp.*, 812 F.2d 671 (11th Cir.1987) (per curiam).

■ First, TechSouth disputes Rollins' contention that she has established a prima facie case. While Rollins' age[8], competence, and termination are all undisputed, TechSouth argues that it eliminated Rollins' job and that Richardson, who performs an entirely different function in the company, is not Rollins' replacement. If we accepted TechSouth's argument, we would hold that appellant did not establish a necessary part of her prima facie case. Because she bears the burden of proof on the issue, *Celotex* would mandate summary judgment.

Rollins, on the other hand, urges this court to hold that she has established that Richardson replaced her. She points to several facts to support her argument. As we previously noted, Rollins had to teach Richardson her job. Following appellant's termination, Richardson took over Rollins' duties; although this purportedly takes up very little of Richardson's time, it still comprises part of his work. In addition, TechSouth concedes that some of Rollins' former duties are performed by various other TechSouth employees.

TechSouth argues that, even though not all of Rollins' former duties have been eliminated, enough of them have been to estab-lish a termination of her position. Rollins, however, contends that she possessed the qualifications necessary to do the work currently performed by Richardson. Her evidence includes a copy of the ad announcing the opening ultimately filled by Richardson. The ad asked that applicants have either a business degree or four years of accounting experience. Rollins possessed the stated work experience.[9] She contends that TechSouth, intending to fire her, restructured and relabelled her position, hired someone else to fill it, had her train that person, and then terminated her.

We believe that Rollins has set forth enough facts to raise an issue based on this argument. As appellee points out, unsubstantiated assertions alone are not enough to withstand a motion for summary judgment. *See Celotex*, 477 U.S. at ——, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. Here, however, Rollins has articulated specific facts from which one could infer that Richardson actually replaced her. Consequently, we find that appellant has met her burden of presenting a prima facie case.

■ "Establishing a prima facie case, however, does not always suffice for a plaintiff to survive a motion for summary judgment in an [age discrimination] case." *Palmer v. District Board*, 748 F.2d 595, 599 (11th Cir.1984) (per curiam) (citations omitted). TechSouth maintains that it articulated a legitimate business reason—the change in the billing process—that Rollins failed to show was pretextual. We find, however, that Rollins raised an issue of material fact concerning pretext.

Rollins argues that evidence of TechSouth's conduct raises an inference of pretext. First, appellant contends that her supervisors made several comments to her indicating an age bias. Second, Rollins asserts that she asked to be considered for other positions in the company and that,

---

**8.** Rollins was forty-three years old when she was fired.

**9.** TechSouth counters by stating that Rollins did not have the type of accounting experience re-quired for the job. Whether Rollins could have done the work, however, is a question for the factfinder at trial rather than one that can be resolved on summary judgment.

despite the existence of openings that she had the qualifications to fill, TechSouth refused to transfer her.

The statements to which Rollins refers, if made, raise an inference that age discrimination motivated TechSouth to fire appellant. Rollins states that on numerous occasions, Davis, production manager Randy Thrasher, and others commented, albeit jokingly, on her age. They repeatedly asked Rollins, who was the oldest employee in the accounting department, how she liked working "with a bunch of babies." Davis and Thrasher both participated in the decision to fire Rollins. In addition, Rollins points to the comments of Hill,[10] who also played a role in the decision. If three of the principal participants in fact exhibited age bias, then a factfinder could reasonably conclude that there was age discrimination.

TechSouth urges this court to ignore Rollins' allegations regarding Hill's age-biased statements and hold that the comments made by Thrasher and Davis do not raise an issue of fact. We decline to follow this suggestion for two reasons. First, we believe that we should consider the statements in question. Second, even if we excluded those statements, we would be reluctant to find that Rollins raised no issue of material fact without them.

█ The law in this circuit is that a party cannot give "clear answers to unambiguous questions" in a deposition and thereafter raise an issue of material fact in a contradictory affidavit that fails to explain the contradiction. *Van T. Junkins and Associates v. U.S. Industries, Inc.,* 736 F.2d 656, 657 (11th Cir.1984). When this occurs, the court may disregard the affidavit as a sham. *Id.* at 658–59. We apply this rule sparingly because of the harsh effect this rule may have on a party's case. In addition, we feel that "[t]o allow every failure of memory or variation

in a witness' testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the ... affiant ... was stating the truth." *Tippens v. Celotex Corp.,* 805 F.2d 949, 953–54 (11th Cir.1986). Thus, our cases require a court to find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit. *See id.* at 954. If no inherent inconsistency exists, the general rule allowing an affidavit to create a genuine issue "even it if conflicts with earlier testimony in the party's deposition," *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 893 (5th Cir.1980), governs.[11] In these instances, any conflict or discrepancy between the two documents can be brought out at trial and considered by the trier of fact.

The alleged conflict between Rollins' deposition and her affidavit involves the evidence of pretext. The following conversation appears in Rollins' deposition:

Q. When Mr. Crim, Mr. Davis, Mr. Butts were talking to you was anything said to you about your age?

A. The only thing I was told in that discussion that my job was eliminated and that they didn't have a place for me.

. . . . .

Q. *At any particular meeting* was anything said about your age?

A. In numerous lunches we have had age has been brought up.

Q. By who?

A. Mr. Davis, Mr. Thrasher, more or less jokingly. Nevertheless it was mentioned.

. . . . .

Q. Anything else?

A. That happened numerous times.

Deposition of Norma Rollins at 72–73 (April 30, 1986) (emphasis added). Then, in

---

10. *See* discussion *supra* at page 1526.

11. Fifth Circuit decisions rendered before October 1, 1981 bind this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981).

the affidavit presented to oppose the summary judgment, Rollins—for the first time—reported the statements made by Ms. Hill.

We do not believe that Rollins' affidavit so completely contradicts her deposition as to warrant its exclusion. The questions asked in the deposition refer to meetings at which Rollins was present. Hill's comments, on the other hand, were purportedly made in the course of casual conversation. Earlier in the deposition, when TechSouth's attorneys questioned Rollins about Hill's attitude towards her, they asked her about comments Hill had made regarding the quality of appellant's work. The attorneys never expressly asked whether Hill had ever made statements to appellant indicating an age bias. Because TechSouth's attorneys did not question Rollins on this specific point at the deposition, her failure to discuss Hill's statements does not prove that they were never made. While Rollins' failure to discuss Hill's statements at the deposition may raise an issue regarding Rollins' credibility, it does not establish that the affidavit is a "sham" and should be excluded.

In addition, it is not clear that the remaining information, by itself, fails to raise a material issue. If, for example, Davis and Thrasher jokingly referred to Rollins' age every day, or almost every day, a factfinder might decide that they had exhibited a bias against older people. We refuse to hold that remarks of this sort could never raise an issue sufficient to preclude summary judgment.

Rollins also argues that there was no need for TechSouth to terminate her even if the company had eliminated her job because there were vacancies that she could have filled. That TechSouth did not move her to one of these spots, Rollins states, strengthens her case for pretext. It suggests that TechSouth simply did not want to retain Rollins as an employee. When

coupled with the age-related comments allegedly made by the supervisors, this raises an issue regarding whether the reason TechSouth wanted to fire Rollins was her age.

In support of her accusation, Rollins has discussed some of the vacancies and described how they arose. She explains that she was aware of job openings because of employee gossip. It seems likely that her friends in other departments would be aware of vacancies in their departments. TechSouth, instead of countering with documented proof that there were no openings at the time of Rollins' termination, merely states that there were no openings at the time. This raises another factual issue that should be resolved at trial.[12]

Appellant, then, established a prima facie case based on replacement. Appellee presented evidence of nondiscriminatory purpose that effectively rebutted the prima facie case. Appellant countered by presenting evidence that, if believed, creates an issue of material fact regarding pretext. Because this is an appeal from a grant of summary judgment, we *must* believe this evidence for the purpose of our review.

The district court, in granting TechSouth's motion for summary judgment, strayed from its proper role and made credibility determinations. To rule in favor of appellee, it necessarily had to *accept* TechSouth's version of the story and *discredit* Rollins' version. The district court's order clearly reflects that the court did, in fact, evaluate the evidence; the opinion contains language such as, "Rollins fails to present any credible evidence showing a pattern of age discrimination...."[13]

In making credibility findings, the district court inadvertently misapplied the standards articulated by the Supreme Court in *Celotex* and *Anderson*. *Celotex* clearly requires that a non-moving party with the burden of proof "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogato-

---

12. *See supra* note 4.

13. *Rollins v. TechSouth, Inc.,* No. 85–AR–3154–S, op. at 4 (N.D.Ala. Nov. 13, 1986).

ries, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at —, 106 S.Ct. at 2553, 91 L.Ed.2d at 274 (citation omitted). Consequently, TechSouth merely had to assert, without conclusively showing, that Rollins failed to prove replacement and pretext. The district court doubtless was conscious of the Supreme Court's view that summary judgment is a valuable part of our judicial system. What the court failed to recognize is that *Celotex* and *Anderson,* when viewed together, draw a fine but clear line, keeping the burden of proof on the nonmovant who ordinarily shoulders that burden at trial without diminishing the district court's obligation to view all the evidence in the light most favorable to the nonmoving party. *See Anderson,* 477 U.S. at —, 106 S.Ct. at 2511, 91 L.Ed.2d at 212 ("[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). In evaluating the *quality* of appellant's evidence on age discrimination, the district court crossed that line. Therefore, the grant of summary judgment must be reversed.[14]

REVERSED and REMANDED for a trial on the merits.

---

**14.** Because summary judgment is inappropriate on one part of her count, we need not reach appellant's other arguments. Appellant has raised other points, however. For example, Rollins has argued that even if Richardson did not replace her, TechSouth reduced its work force in a discriminatory fashion. In cases asserting a discriminatory reduction in the work force, a plaintiff's prima facie case no longer requires proof of replacement; for, "[i]n situations involving a reduction in force, ... the employer seldom seeks a replacement for the discharged employee." *Mauter,* 825 F.2d at 1557. The plaintiff must still establish that he or she is in the protected age group, was qualified for his or her former position, and was discharged. Additionally, the plaintiff must come forward with either circumstantial or direct evidence raising an inference that there was an intent to discriminate. *Williams,* 656 F.2d at 129.

Appellant meets this burden. In addition to allegations of age bias and of TechSouth's failure to transfer her to an available position,

---

Rollins has presented information suggesting that even the facial effect of the reduction was discriminatory. First, Rollins notes that she was the oldest employee in the accounting department, and that she was the only individual whose job was eliminated. Second, she points out two instances in which TechSouth transferred younger employees rather than fire them. This raises an inference that there was a discriminatory policy at TechSouth.

Rollins has also argued that there was sex discrimination. On this claim, Rollins has shown: (1) that she is a woman, (2) that she was qualified, and (3) that she lost her job; and, she has raised an inference (4) that a man replaced her. This establishes a prima facie case of sex discrimination. *See Joshi v. Florida State University,* 646 F.2d 981, 986 (5th Cir. Unit B 1981) (setting forth a prima facie case for hiring practices), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2233, 72 L.Ed.2d 845 (1982).