Sharon J. McDONOUGH, as Executrix of the Estate of Paul J. McDonough, and John M. Wynn, Plaintiffs,

v.

Anthony J. O'ROURKE, Karen Roselli, Tina Talarchyk and The City of Coral Springs, Defendants.

No. 93–6755–CIV.

United States District Court, S.D. Florida.

Aug. 4, 1995.

Richard M. Bales, Jr., Carlson & Bales, P.A., Miami, FL, for plaintiff.

Michael T. Burke, Johnson, Anselmo, Murdoch, Burke, and George, Fort Lauderdale, FL, for O'Rourke and City.

Scott W. Rothstein, Kusnick & Rothstein, P.A., Fort Lauderdale, FL, and Daniel S. Rosenbaum, Becker & Poliakoff, P.A., West Palm Beach, FL, for Roselli.

Robert H. Schwartz, Gunther & Whitaker, P.A., Fort Lauderdale, FL, for Talarchyk.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon Defendant TALARCHYK's Motion to Dismiss the Amended Complaint and/or Motion for Summary Judgment and Defendant City's Motion to Dismiss. Because Defendant TALARCHYK's Motion presents to matters outside the pleadings and Plaintiffs' response to the motion is supported by affidavits, the Court will treat that motion as a motion for summary judgment.

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence and factual inferences are to be viewed in a light most favorable to the nonmoving party. *Rollins v. TechSouth, Inc.* 833 F.2d 1525, 1529 (11th Cir.1987). However,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e).

The amended complaint is founded on allegations that certain city officials conspired to make, and made, false and damaging accusations against Plaintiffs. In dismissing much of the original complaint, which was based on state-law claims of defamation, the Court found the defendants who were city officials at the time of the accusations to be protected by official immunity under Florida law. Count I of the Amended Complaint alleges conspiracy to defame against Defendant RO-SELLI, who was not a city official at the time of the alleged defamation. Count II alleges Defamation against ROSELLI. Count III is against all defendants and alleges conspiracy to deprive Plaintiffs of "liberty and property interests guaranteed by the United States constitution without due process of law." Amended Complaint ¶ 52. Count IV is a 42 U.S.C.1983 claim against the defendant City for depriving Plaintiffs of constitutional rights without due process of law.

■ The Court focuses on the issue of whether Plaintiffs put forth specific facts that could support a finding that Plaintiffs were deprived of a liberty or property interest sufficient to invoke constitutional due process protections. Mere defamation by a public official is not enough to implicate these rights. Rather, stigma must be accompanied with some other impact on legal rights, such as termination of a job. The Eleventh Circuit, in *Von Stein v. Brescher,* 904 F.2d 572 (11th Cir.1990), discussed the parameters of the "Stigma-plus" test.

> We do not think the law of this circuit has established that defamation occurring other than in the course of dismissal from a job or in the termination or significant alteration of some other legal right or status will suffice to constitute a deprivation sufficient to state a claim under section 1983.

*Von Stein* at 582.

■ Plaintiffs argue that the alleged injury to their business reputation and business goodwill constitutes a "significant alteration of some other legal right or status" under *Von Stein.* At the notice-pleading stage of this action—to wit, Plaintiffs' motion to file the amended complaint—this Court, noting the liberal federal pleading standards, accepted the possibility of Plaintiffs proving

this proposition. Now, on a motion for summary judgment, the Court examines this question more fully and looks for specific facts which could support such a conclusion.

Plaintiffs have each filed affidavits attempting to support their claims that they have been deprived of liberty and property. PAUL J. McDONOUGH's affidavit states:

> Subsequent to the April 20th City Commission meeting where ... three members of the Coral Springs City Commission conspired with the Coral Springs City Manager and Defendants TALARCHYK and ROSELLI to accuse John Wynn and me of, among other things, criminal misconduct, I believe that all of my options to practice law in Florida have been eliminated; that I am effectively precluded from actively practicing law in Florida absent representation of close friends and relatives. I believe that the Defendants have intentionally destroyed my legal and business reputation....

McDonough aff. at 2–3. PAUL J. McDONOUGH also stated that he was currently practicing law in North Carolina.

Similarly, Plaintiff WYNN states that he was considering five career options, and the Defendants' actions foreclosed three of them: continuing to practice law with Paul J. McDonough in Coral Springs, Florida; applying for positions with other law firms in the Broward County area; and applying for positions with law firms in Florida outside Broward County. Plaintiff WYNN states:

> Given the conspiratorial acts perpetrated by the Defendants at the April 20, 1993 commission meeting, I believe that my employment prospects as a Florida lawyer have been destroyed together with of course my business reputation and ability to earn a living in Florida in the practice of law.

WYNN aff. at 2–3.

Initially, the Court notes that Plaintiffs rely on conclusory allegations, rather than putting forth specific facts which could support Plaintiffs' claims. Such generalized allegations are not sufficient to defeat a motion for summary judgment.

This is especially true given the relatively high threshold of the "plus" requirement for establishing a constitutional deprivation. *Von Stein* made clear that the type of injury to business that frequently accompanies defamation does not satisfy the "plus" requirement.

> Viewed in the light most favorable to Plaintiff, the evidence in the instant case established that Plaintiff suffered a temporary, partial loss of income as a result of [Defendant's] statement.

*Von Stein* at 583. Allowing this type of harm to business prospects to satisfy the "plus" requirement would blur the distinction between simple defamation actions and constitutional deprivations. In *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the plaintiff alleged that his being labeled a shoplifter in a flyer distributed by the police "would seriously impair his future employment opportunities." *Paul* at 697, 96 S.Ct. at 1159. The Supreme Court noted that even "[a]ccepting that such consequences may flow from the flyer in question, respondent's complaint would appear to state a classical claim for defamation...." *Paul* at 697, 96 S.Ct. at 1159. The Supreme Court went on to "hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul* at 712, 96 S.Ct. at 1166.

While the "plus" may not have to be a termination of employment, this Court concludes that the type of harm alleged here, even accepting Plaintiffs' bald assertions of significant loss of employment opportunity, does not amount to a "significant alteration of some other right or status." *Von Stein* at 582. One sentence in *Von Stein* is particularly instructive as to this question:

> Other Circuit Courts have interpreted *Paul* to hold that governmental defamation, even if it leads to a significant loss of employment opportunities, is not a deprivation of a liberty or property interest unless it occurs in the course of termination of employment, or in the significant alteration of some other legal right or status.

*Von Stein* at 581–82 (citations omitted). First, the *Von Stein* court cites these cases favorably and, in any event, does not draw any distinctions or criticize this interpretation of *Paul.* Second, it is clear that the *Von Stein* court does not equate "significant loss of employment opportunities" with "the significant alteration of some other legal right or status", or else the sentence would make no sense. (The sentence would read: "... defamation, [even with A], is not a deprivation of a liberty or property interest unless ... [there is A].") The alteration of a legal right or status involves more than the loss of employment opportunities occasioned by an instance of defamation.

Here, there is not even an allegation of such an alteration of a legal right or status. Defendants simply have not "done" anything to the Plaintiffs apart from the alleged defamation. *See Paul* at 708–10, 96 S.Ct. at 1164.

The Court finds that there is no genuine issue of material fact with regard to Defendant TALARCHYK's motion for summary judgment and the Defendant TALARCHYK is entitled to judgment as a matter of law on Count III of Plaintiffs' Amended Complaint. Because the Court has concluded that there was no constitutional deprivation of Plaintiffs' liberty or property interests, dismissal of Counts III and IV as to all other Defendants is appropriate.

Accordingly, having reviewed the motions and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that Defendant's TALARCHYK's Motion for Summary Judgment on Count III is **GRANTED.** It is further hereby:

**ORDERED AND ADJUDGED** that Defendant CITY OF CORAL SPRINGS' Motion to Dismiss for failure to state a claim is **GRANTED** and Counts III and IV of Plaintiffs' Amended Complaint shall stand **DISMISSED** with prejudice. Counts I and II against Defendant ROSELLI remain pending.

**DONE AND ORDERED.**