Elaine SERAUSKUS, Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA, Defendant.

No. 1;00CV3402.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 13, 2001.

Kenneth Behrman, Kresses, Benda, Lenner & Schatten, Atlanta, GA, for Plaintiff.

H. Sanders Carter, Jr., Tiffany D. Dows, Carter & Ansley, Atlanta, GA, for Defendant.

## ORDER

TIDWELL, Judge.

The above-styled matter is presently before the court on:

(1) defendant Sun Life Assurance Company of Canada's motion for summary judgment [docket no. 7];

(2) plaintiff Elaine Serauskus' motion to amend [docket no. 11–1];

(3) plaintiff Elaine Serauskus' motion for leave to file motion for partial summary judgment [docket no. 11–2];

(4) plaintiff Elaine Seauskus' motion for partial summary judgment [docket no. 10];

(5) defendant Sun Life Assurance Company of Canada's motion to strike [docket no. 14].

On November 14, 2000, plaintiff Elaine Serauskus filed the instant action in the State Court of Fulton County to recover long-term disability ("LTD") benefits under a Group Insurance Plan that was issued by defendant Sun Life Assurance Company of Canada. On December 21, 2000, defendant removed this case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff now moves for leave to amend her complaint and for leave to file her motion for partial summary judgment and defendant moves for summary judgment and to strike plaintiff's affidavit.

## Plaintiff's motions for leave to amend and to file her motion for partial summary judgment

Plaintiff stated in her complaint that she was bringing the instant action for breach of contract. However, plaintiff stated in her answers to mandatory disclosures, which she filed on January 16, 2001, that her breach-of-contract claim is preempted by 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Therefore, plaintiff seeks leave to amend her complaint to state that the instant action is brought pursuant to 29 U.S.C. § 1132(a)(1)(B). Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Defendant has been on notice that plaintiff's claim arises under 29 U.S.C. § 1132(a)(1)(B) since less than a month after defendant removed this case to federal court. Therefore, plaintiff's motion for leave to file an amended complaint [docket no. 11–1] is GRANTED.

Defendant has not responded to plaintiff's motion for leave to file her motion for

partial summary judgment, which is accompanied by a certificate of service. Therefore, plaintiff's motion for leave to file her motion for partial summary judgment [docket no. 11–2] is GRANTED AS UNOPPOSED. *See* L.R. 7.1B.

**The parties' motions for summary judgment and defendant's motion to strike plaintiff's affidavit**

*Standard of Review*

Courts should grant summary judgment when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must "always bear the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden is "discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548; *see also U.S. v. Four Parcels of Real Property,* 941 F.2d 1428, 1437 (11th Cir.1991).

Once the movant has met this burden, the opposing party must then present evidence establishing that there is a genuine issue of material fact. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The nonmoving party must go beyond the pleadings and submit evidence such as affidavits, depositions and admissions that are sufficient to demonstrate that if allowed to proceed to trial, a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If he does so, there is a genuine issue of fact that requires a trial. In making a determination of whether there

is a material issue of fact, the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. 2505; *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1529 (11th Cir.1987). However, an issue is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case. *Id.* at 248, 106 S.Ct. 2505. Thus, to create a genuine issue of material fact for trial, the party opposing the summary judgment must come forward with specific evidence of every element essential to his case with respect to which (1) he has the burden of proof, and (2) the summary judgment movant has made a plausible showing of the absence of evidence of the necessary element. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

*Facts*

In light of the foregoing standard, the court finds the following facts for the purpose of resolving these motions for summary judgment only. On January 1, 1996, defendant issued Group Policy Number 98006 to JWI Group Press Fabrics ("JWI Group") as the group policyholder. That policy provided LTD benefits to eligible participants in an employee welfare benefit plan ("the Plan") sponsored and maintained by JWI Group. As an eligible employee of JWI Group and a participant in the Plan, plaintiff was insured under Group Policy Number 98006. When plaintiff's employment ended with JWI Group on January 2, 1998, plaintiff's coverage under Group Policy Number 98006 terminated. On January 3, 1998, plaintiff exercised her right to convert her disability insurance coverage under Group Policy

Number 98006 to coverage under Group Policy Number 84500 ("the Group Policy"), a separate policy under which former employees of JWI Group could continue their disability insurance coverage.

The Group Policy defines "totally disabled" to mean: "[a]n Insured is totally disabled if he is in a continuous state of incapacity due to Illness which continues throughout the Elimination Period and thereafter, prevents the Insured from engaging in any occupation for which the Insured is or becomes reasonably qualified by education, training or experience." The Group Policy contained the limitation that "[n]o Disability benefit is payable for any period during which the Insured . . . engages in any occupation or employment for wage or profit." The Group Policy also provided that defendant "must receive written notice of a claim not later than 30 days before the end of the Elimination Period," which is defined as "[t]he period that begins with the Insured's first day of disability and ends after an uninterrupted disability period of 6 months." Finally, the Group Policy states that the Insured's proof of his or her claim must be satisfactory to defendant.

After plaintiff's employment with JWI Group ended, plaintiff worked for Horis A. Ward, Inc. from June of 1998 until March of 1999 as a commissioned salesperson. On or about June 15, 1999, plaintiff submitted a claim for LTD benefits under the Group Policy based on multiple sclerosis, with which plaintiff had been diagnosed in March of 1996. Plaintiff reported to defendant that her last day of work at Horis A. Ward, Inc. was on March 31, 1999 and that she had become disabled on April 1, 1999. In October of 1999, defendant began paying benefits to plaintiff under a reservation of rights while defendant evaluated plaintiff's claim. In an updated Statement of Information, dated March 10, 2000, plaintiff reported to defendant that she had been working part-time for a wage at Horis Ward Funeral Home since October 5, 1999.

By letter dated March 30, 2000, defendant informed plaintiff that it had determined that plaintiff was not eligible for the payment of benefits based on a disability date of April 1, 1999 because plaintiff had been working for a wage since October of 1999. In a letter dated April 6, 2000, plaintiff informed defendant of her intention to appeal defendant's decision. In support of her appeal, plaintiff submitted a letter dated April 6, 2000 from Scot H. Ward, who stated that plaintiff's employment with Horis Ward Funeral Home had terminated on March 21, 2000. Plaintiff also submitted a letter dated February 8, 2000 from Dr. George W. Brown, who stated that plaintiff had been totally disabled since March 31, 1999. On June 29, 2000, defendant affirmed its decision because, "as [the Group Policy] requires an insured to be unable to work in any capacity, you were not entitled to claim payments based on a disability date of 4/1/99." On November 14, 2000, plaintiff filed the instant action to appeal defendant's decision.

### Discussion

■ Defendant moves to strike plaintiff's affidavit, in which plaintiff testifies that she has not worked since she left her job at the funeral home on March 21, 2000. The Eleventh Circuit has held that a reviewing court only "relies on the facts known to the administrator at the time the decision was made." *Buckley v. Metropolitan Life*, 115 F.3d 936, 941 (11th Cir.1997) (declining to consider affidavits not presented to administrator at time of its decision). At the time of defendant's decision, plaintiff had not presented her affidavit to defendant. *See id.* Therefore, defen-

dant's motion to strike plaintiff's affidavit [docket no. 14] is GRANTED.

Plaintiff brings the instant action to review defendant's denial of LTD benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). The Eleventh Circuit has adopted the following standards for reviewing administrators' plan interpretations pursuant to 29 U.S.C. § 1132(a)(1)(B): "(1) *de novo* where the plan does not grant the administrator discretion; (2) arbitrary and capricious when the plan grants the administrator discretion; (3) heightened arbitrary and capricious where there is a conflict of interest." *Buckley v. Metropolitan Life*, 115 F.3d 936, 939 (11th Cir.1997). The Group Policy states that an insured's proof of his or her claim must be "satisfactory to" defendant. Thus, the Group Policy grants defendant discretion because it permits defendant to evaluate an Insured's eligibility for benefits according to defendant's own standards. Moreover, numerous courts have determined that such language is discretionary. *See, e.g., Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 379–80 (7th Cir.1994); *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555, 557 (6th Cir.1998) (*en banc*).

Because defendant provides benefits from its own assets and therefore has a conflict of interest, the applicable standard of review in this case is the "heightened arbitrary and capricious standard." *See Buckley v. Metropolitan Life*, 115 F.3d 936, 939 (11th Cir.1997). Under this standard, the court first "evaluates the claims administrator's interpretation of the plan to determine whether it is 'wrong.'" *HCA Health Services of Georgia, Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 993 (11th Cir.2001). "If the court determines that the claims administrator's interpretation is 'wrong,' the court then proceeds to decide whether the claimant has proposed a 'reasonable' interpretation of the plan." *Id.* at 994. If so, "the burden shifts to the claims administrator to prove that its interpretation of the plan is not tainted by self-interest." *Id.*

Defendant denied plaintiff's claim for LTD benefits based on a disability date of April 1, 1999. However, plaintiff states that she is not challenging defendant's denial based on that disability date. Instead, plaintiff claims that defendant should have awarded her with LTD benefits for the period beginning on March 21, 2000 because plaintiff stopped working for a wage on that date and because plaintiff had already satisfied the elimination period.

Plaintiff, however, has not exhausted her administrative remedies to recover benefits based on a disability date of March 21, 2000. *See id.* at 992 (holding plaintiffs in ERISA cases must exhaust their administrative remedies before bringing suit in federal court). Under the terms of the Group Policy, LTD benefits are not payable until defendant has received written proof of a claim, but plaintiff never filed another written claim or alleged March 21, 2000 as her new disability date. Thus, the only decision for the court to review is defendant's denial of benefits based on a disability date of April 1, 1999, and plaintiff acknowledges that she is not entitled to benefits based on that date.

Therefore, the court cannot find that defendant's decision o deny plaintiff benefits based on a disability date of April 1, 1999 was "wrong" because plaintiff worked for a wage from October 5, 1999 to March 21, 2000. *See id.* Therefore, defendant's motion for summary judgment [docket no. 7] is GRANTED without prejudice to any other claim for disability for any other period plaintiff wishes to make. Plaintiff's motion for partial summary judgment [docket no. 10] is DENIED.

*Summary*

(1) Plaintiff Elaine Serauskus' motion to amend her complaint [docket no. 11-1] is GRANTED;

(2) Plaintiff Elaine Serauskus' motion for leave to file motion for partial summary judgment [docket no 11-2] is GRANTED AS UNOPPOSED;

(3) Defendant Sun Life Assurance Company of Canada's motion to strike [docket no. 14] is GRANTED;

(4)Defendant Sun Life Assurance Company of Canada's motion for summary judgment [docket no. 7] is GRANTED without prejudice to any other claim for disability for any other period plaintiff is entitled to make;

(5) Plaintiff Elaine Serauskus' motion for partial summary judgment [docket no. 10] is DENIED.