[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12424
Non-Argument Calendar

_____

D. C. Docket No. 05-01722-CV-ORL-18KRS

STEVEN J. WOLK,

Plaintiff-Appellee,

versus

SEMINOLE COUNTY, FLORIDA,
a political subdivision of the State of Florida,
et al.,

Defendants,

SARA L. KLEIN,
individually and in her official capacity as
Deputy Sheriff of the Seminole County Sheriff's Office,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 12, 2008)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Sara L. Klein, an officer who arrested Steven J. Wolk for battery, has filed an interlocutory appeal, challenging the district court's order denying her summary judgment, based on qualified immunity, in Wolk's 42 U.S.C. § 1983 action alleging false arrest and incarceration. Wolk, an attorney proceeding pro se, filed his civil rights complaint against Klein, alleging that she arrested him for battery without probable cause.[1] Specifically, Wolk asserted that he and his sister, who was visiting him, had an argument, and she called 911, but when the deputies arrived, he denied an impermissible touching, and his sister urged the deputy not to arrest Wolk.

Klein moved for summary judgment, based on qualified immunity, arguing that Wolk admitted touching his sister during the argument. To support her assertion, Klein submitted Wolk's deposition, wherein he stated that he informed Klein that he had pushed his sister's hand out of his face as they argued. Wolk opposed summary judgment, and submitted his and his sister's affidavits to support his contention that there was not probable cause to believe that a battery

---

[1] Wolk also named Seminole County, Florida, the sheriff, and two additional deputies in his complaint. These defendants were granted summary judgment and are not involved in this appeal.

had occurred.  In his affidavit, Wolk stated that he told Klein that the only contact during the argument was when he pushed his sister's hand out of his face in self-defense.  In her affidavit, Wolk's sister stated that she told Klein that there was no physical contact between her brother and her.

The district court denied Klein summary judgment, finding that the evidence created a genuine issue of fact as to whether probable cause existed to believe that a battery had occurred, and, viewed in the light most favorable to Wolk, there was not probable cause.  On appeal, Klein argues that the district court erred in finding that she did not have arguable probable cause to arrest Wolk for battery, because he admitted pushing his sister's hand out of his face.

We review a district court's denial of summary judgement de novo. Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."  Id. at 836-37.

"Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known."  Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (internal

3

quotation omitted). "In order to receive qualified immunity, the public official must first prove that [she] was acting within the scope of [her] discretionary authority when the allegedly wrongful acts occurred." Id. at 1194 (internal quotation omitted). If the official establishes that she was acting within her discretionary authority, the burden shifts to the plaintiff to show, with the facts taken in his favor, that (1) the officer violated a constitutional right, and (2) the right was clearly established. Id.

Probable cause exists for an arrest when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. at 1195 (internal quotation omitted). It is irrelevant to our probable cause determination that the plaintiff never was prosecuted for the crime, but "[p]lainly, an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment." Id. at 1088; Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002).

We have held that to receive qualified immunity protection, an officer only needed arguable probable cause. Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). "Arguable probable cause exists if, under all of the facts and

circumstances, an officer reasonably could . . . have believed that probable cause was present." Id. This standard allows for some mistaken judgment, "and it shields from liability all but the plainly incompetent or those who knowingly violate the law." Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997) (internal quotation omitted).

"Whether a particular set of facts gives rise to probable cause or arguable probable cause to justify an arrest for a particular crime depends . . . on the elements of the crime." Crosby, 394 F.3d at 1333. Under Florida law, a battery occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other." Fla. Stat. § 784.03(1)(a)(1). The Supreme Court of Florida has held that "any intentional touching, no matter how slight, is sufficient to constitute a simple battery." State v. Hearns, 961 So.2d 211, 218-19 (Fla. 2007). However, "[a] person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force." Fla. Stat. § 776.012.

We have held that a party cannot create a genuine issue of fact by providing an affidavit that contradicts his clear answers to unambiguous questions during a deposition, and if the party attempts to do so, the affidavit may be disregarded as a

sham.  Rollins v. TechSouth, Inc., 833 F.2d 1525, 1530 (11th Cir. 1987).  We also have held that this rule should be used sparingly, and the affidavit and deposition must contain inherent inconsistencies before the affidavit can be disregarded.  Id.

When Appellant Officer Klein arrived on the scene, in response to a 911 call reporting a domestic disturbance, Gina reported to Klein that she called 911 because her brother had become more aggressive.  When asked if she had been battered or threatened, Gina responded that Wolk was "six foot six, and it got to that point, that's why I called."  When Officer Klein spoke with Wolk, he acknowledged there had been an argument.  When asked if he had any physical contact with Gina, he said that he had pushed her hands out of his face defensively.

Although it may well have been wiser not to arrest Wolk, especially after Gina urged that course of action, we conclude that a reasonable officer in this situation could have believed that probably cause was present.  The Florida statute defining battery requires only an intentional touching against the will of the other, however slight.  See Fla. Stat. § 784.03(1)(a);  Hearns, 961 So.2d at 218-19 .   We cannot conclude that such a reasonable officer would have known under the circumstances that she must accept at face-value Wolk's self-interested assertion that his striking or touching of Gina was defensive, on pain of violating the

6

Constitution. When asked if she had been battered or threatened, Gina responded that Wolk was six feet six "and it got to that point." The crucial question is not whether Wolk's physical contact with Gina was or was not defensive. Rather, the crucial question is what reasonably appeared to an officer under the circumstances. We cannot conclude that no reasonable officer, under all the circumstances, would conclude there was probable cause for an arrest. Crosby, 394 F.3d at 1332 Therefore, we conclude that Officer Klein is entitled to qualified immunity and we reverse the judgment of the district court denying Klein's motion for summary judgment.

**REVERSED**