Robert LIEBMAN, Plaintiff-Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY, d.b.a. MetLife, Defendant-Appellee.

No. 16-17440
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(September 8, 2017)

---

G. Ware Cornell, Jr., Cornell & Associates, PA, Weston, FL, Ronald D. Poltorack, Law Offices of Ronald D. Poltorack, Boca Raton, FL, for Plaintiff-Appellant

Mark E. Zelek, Elisabeth Ann Beal, Madid C. Gonzalez, Morgan Lewis & Bockius, LLP, Miami, FL, for Defendant-Appellee

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert Liebman appeals two of the district court's rulings related to its grant of summary judgment in favor of Metropolitan Life Insurance Co. ("MetLife"). First, Liebman appeals the district court's decision to strike two paragraphs of his declaration filed in opposition to MetLife's mo-

tion for summary judgment. Second, he appeals the district court's denial of his Federal Rule of Civil Procedure 59 motion to alter or amend the judgment based on newly discovered evidence. After careful review, we affirm.

## I.

Liebman was fired by MetLife after working there for 27 years. Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1296–97 (11th Cir. 2015) (per curiam).[1] He had been reporting to Gil Cohen, who in turn reported to Larry Adkins. Id. at 1297. After being fired, Liebman filed suit against MetLife, claiming, among other things, that his discharge violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. Id. In his complaint, Liebman alleged that MetLife terminated him with the intent of depriving him of retirement and health benefits. Liebman also alleged that MetLife senior management harassed him about his retirement package, including speaking about problems relating to "the most generous packages" in front of all of the employees at a MetLife branch.

At his deposition, however, Liebman testified as follows:

Q. What facts can you point to that MetLife terminated you to prevent you from receiving retiree medical benefits?

A. Only the fact that I'm not going to get them. I have no privy to their meetings.

Q. What facts can you point to that MetLife terminated you to prevent you from receiving pension benefits?

A. The facts remain … that I lost a lot of money, and I find it hard to believe that I'm the only one that knew that.

Q. Any other facts you can point to?

A. That's it.

In response to MetLife's motion for summary judgment, Liebman submitted a declaration containing more facts in support of his claims. Paragraphs 30 and 31 of his declaration are relevant to this appeal. They said:

30. In a meeting held during the second quarter of 2012 with 150–200 MetLife employees present, Larry Adkins eyed me in the back of the room and suddenly diverted from his presentation to out of nowhere address the fact that I had a very favorable pension. This made me feel very uncomfortable.

31. I was uncomfortable for a few reasons. I did not like being singled out in this fashion. Larry Adkins had made a point on at least four or five occasions from 2003 to 2008 to tell me he was very jealous of my pension plan. He would say that he was very jealous that I had a pension that would pay me a six-figure income. He stated that he regretted that such a pension was missing from his career and that he was a Vice President, yet had a lower pension than mine. In the course of his comments about my pension, Adkins said to me that he needs to last in a company for at least 20 years. He said I am lucky that I have my pension with over 20 years of service and that is what is missing from his career. He said this to me at least 4 or 5 different times from 2003 to 2008. I do not remember the dates on which he made these statements.

Liebman, 808 F.3d at 1301. This Court summarized the facts of Liebman's case when it considered his previous appeal. See id. at 1296–98.

---

1. This is the district court's second grant of summary judgment in favor of MetLife. After the first, this Court vacated and remanded to the district court, as relevant here, to decide the admissibility of Liebman's declaration.

In reply, MetLife argued that these paragraphs should be disregarded by the court under the sham affidavit rule because they were not consistent with Liebman's earlier deposition testimony.

In its summary-judgment order, the district court found that Liebman never mentioned at his deposition Adkins's speech or Adkins's repeated expressions of jealousy. The court also noted that Liebman was "specifically asked why he thought his pension influenced his termination." Applying the sham affidavit rule, the court concluded Liebman could not use a declaration to introduce facts contrary to his deposition testimony. The district court therefore struck paragraphs 30 and 31 from Liebman's declaration. Without these paragraphs, the court found the record contained no evidence to support a prima facie case of ERISA discrimination. It thus granted MetLife's motion for summary judgment on the ERISA claim.

Liebman then filed a Rule 59 motion, arguing in part that newly discovered evidence warranted altering or amending the district court's judgment. He specifically relied on a text message Cohen sent him in January 2016 that suggested Cohen had information helpful to Liebman's lawsuit. The district court denied this motion, finding that Liebman could have submitted the January 2016 text message to the court before the court granted summary judgment in September 2016. This appeal followed.

## II.

We review for an abuse of discretion a district court's decision to strike a declaration under the sham affidavit rule. Furcron v. Mail Ctrs. Plus, LLC, 843 F.3d 1295,

1306 (11th Cir. 2016). We also review for an abuse of discretion a district court's denial of a Rule 59 motion. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam). A district court abuses its discretion if its "ruling rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Furcron, 843 F.3d at 1306 (quotation omitted).

### A.

Liebman first argues the district court erred by striking paragraphs 30 and 31 from his declaration. Specifically, he argues the district court applied the wrong standard in striking these paragraphs. He says the court can only disregard testimony that "blatantly contradict[s]" the record.

■ Contrary to Liebman's assertion, the district court applied the correct standard.[2] To disregard an affidavit under the sham affidavit rule, "our cases require a court to find some inherent inconsistency between an affidavit and a deposition." Rollins v. TechSouth, Inc., 833 F.2d 1525, 1530 (11th Cir. 1987). The district court correctly found that during his deposition, Liebman did not mention Adkins's speech or his other expressions of jealousy over Liebman's pension. In fact, Liebman testified that the only fact supporting his claim that MetLife fired him because of his benefits was that his firing meant he would not receive those benefits. The court also found that paragraphs 30 and 31 of Liebman's declaration raised a factual dispute that was directly contrary to Liebman's deposition testimony. Liebman gave no explanation for the inconsistency. Under this

---

**2.** The standard Liebman suggests is applied in a different context. A court can disregard a litigant's testimony at summary judgment if it "is blatantly contradicted by the record, so

that no reasonable jury could believe it." See Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

Court's precedent, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Van T. Junkins & Assocs. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). On this record, the district court therefore did not abuse its discretion in striking paragraphs 30 and 31 from Liebman's declaration.[3] See Furcron, 843 F.3d at 1306–07.

### B.

 Liebman next argues the district court abused its discretion by denying his Rule 59 motion to alter or amend the judgment based on newly discovered evidence. Specifically, Liebman says he received a text message from Cohen offering information helpful to his suit that was not available when summary judgment was briefed.

However, a Rule 59 motion cannot be used to "present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Applying this rule, it is not relevant whether Cohen's text message was available when Liebman filed his summary-judgment brief. What matters is whether the text message was available before the district court entered judgment. The district court did so in September 2016. Liebman received the text message in January 2016. Because Liebman provided no explanation for failing to submit this text message to the district court between receiving it in January and the entry of judgment in September, the district court did not abuse its discretion in denying the Rule 59 motion.

**AFFIRMED.**

---

3. Liebman also argues the district court overlooked that he mentioned Adkins's speech in his complaint, and thus the information in his declaration was not new. However, the complaint merely alleges that senior management spoke about "the most generous [retirement] packages" in front of MetLife employees. In any event, at summary judgment, a party cannot rely solely on allegations from an unverified complaint. See Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997) ("[T]o oppose [a] properly supported motion for summary judgment, [the non-movant] must come forward with specific factual evidence, presenting more than mere allegations."); cf. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1098 (11th Cir. 2014) (crediting facts from a "sworn complaint when considering [an] opposition to summary judgment").