**UNITED STATES of America, Plaintiff,**

v.

**ONE SINGLE FAMILY RESIDENCE AT 2200 SW 28TH AVENUE, FORT LAUDERDALE, FLORIDA etc., Defendant.**

No. 01–6582–CIV.

United States District Court, S.D. Florida.

May 15, 2002.

William H. Beckerleg, Jr., AUSA, United States Attorney's Office, Fort Lauderdale, FL, for plaintiff.

Roy Alan Diaz, Smith & Hiatt, Fort Lauderdale, FL, Melvyn R. Rubin, Sunrise, FL, Harry Jay Ross, Boca Raton, FL, for claimants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Motion for Summary Judgment [DE 42]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff, United States of America, brought this action for forfeiture of real property located at 2200 SW 28th Avenue, Fort Lauderdale, Florida. The property was owned by James M. Christenson, who had been indicted for mortgage fraud. Mr. Christenson was killed in a automobile accident prior to his criminal case going to trial. Plaintiff seeks forfeiture of the defendant property pursuant to 18 U.S.C. § 981(a)(1)(C), as property derived from proceeds of unlawful activity (wire fraud and mail fraud), and under 18 U.S.C. § 981(a)(1)(A), because the property was involved in a financial transaction (its purchase) designed to conceal the proceeds of specified unlawful activities (wire fraud and mail fraud). The deceased owner's estate, through Jon Christenson, personal representative of the estate and brother of the deceased, filed an answer and claim asserting that the property was homestead property of James Christenson, and therefore part of his estate, being administered for the benefit of his three minor children.

An additional claim was filed by Equity Max, Inc., who held a mortgage interest on the property. The Plaintiff and Equity Max, Inc. settled this claim, agreeing to pay Equity Max a particular amount out of the proceeds of any sale of the property. Plaintiff, Equity Max and the Estate of James Christenson (hereinafter, "Estate") agreed to sell the property to one Max Cheeley. At this time, it is not clear whether that sale has gone through to closing. The Plaintiff, therefore, seeks either the property or the proceeds of the sale of the property in this forfeiture proceeding.

The undisputed facts regarding the use of the property are as follows: The potential buyer of the property, Max Cheeley, currently resides on the property under a lease agreement with the Estate. The deceased, James Christenson, resided at the property as his principal residence until his death in May, 2000. His minor children did not reside at the property, except that one child and the child's mother would stay there on weekend and vacation visits with the deceased from their principal residence in Texas. See Deposition of Jon Christenson, Plaintiff's Exhibit 1 to Motion for Summary Judgment, at pp. 12–15 and 27 [DE 42].

Plaintiff has moved for summary judgment, submitting the deposition of Jon Christenson, an affidavit from Howard Kratenstein, a co-defendant with the deceased in the related criminal action, and various bank records and checks. In opposition to the motion, the Estate filed only an affidavit from Jon Christenson.

## II.  DISCUSSION

### A.  *Summary Judgment Standard*

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed. R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202.

### B.  *Government's Burden*

█ Plaintiff bears the burden of proof to "establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1) (West 2002). The Plaintiff has put forth an affidavit from Howard Kratenstein, a convicted co-defendant with the deceased property owner, that the subject property was bought with proceeds from an illegal mortgage "flip" scheme. Plaintiff's Exhibit 3. The exhibits to the Kratenstein affidavit include copies of a check used to purchase the defendant property, as well as copies of check proceeds from four properties deposited into the Union Bank account in the months prior to the November, 1997 purchase of the defendant property. *Id.* at ¶ 17, 20. The Kratenstein affidavit appears to be are based upon the personal knowledge of Kratenstein as a participant in the illegal mortgage flip scheme. *Id.,* ¶ 2.

In response to this evidence, the Estate submitted an affidavit from the Estate's personal representative, Jon Christenson,

which attacks the Plaintiff's case as one based upon mere assumptions that the defendant property was bought with illegal proceeds rather than with money of the deceased that was in the Union Bank account prior to any illegal activity. The Estate also questions Kratenstein's credibility, arguing (via the Jon Christenson affidavit) that the Kratenstein affidavit itself was procured via Kratenstein's plea bargain with the Government, and therefore is questionable.

Jon Christenson testified in his deposition that he had no knowledge of his brother's financial affairs, and specifically had no knowledge of whether the money used to purchase the defendant property was James Christenson's money or mortgage proceeds. See Deposition of Jon Christenson at p. 11. The Eleventh Circuit has held that:

> "The law in this circuit is that a party cannot give 'clear answers to unambiguous questions' in a deposition and thereafter raise an issue of material fact in a contradictory affidavit that fails to explain the contradiction. *Van T. Junkins and Associates v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir.1984). When this occurs, the court may disregard the affidavit as a sham. *Id.* at 658–59. We apply this rule sparingly because of the harsh effect this rule may have on a party's case.... Thus, our cases require a court to find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit. If no inherent inconsistency exists, the general rule allowing an affi-

davit to create a genuine issue 'even it if conflicts with earlier testimony in the party's deposition,' *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir.1980), governs. In these instances, any conflict or discrepancy between the two documents can be brought out at trial and considered by the trier of fact."

*Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir.1987). While the Court does not conclude that the Jon Christenson affidavit is a sham, the Court will rely on the clear answers given by Jon Christenson in his deposition that he has no knowledge regarding whether his brother had his own money in the Union Bank account. Thus, left with the Kratenstein affidavit,[1] even though obtained through a criminal prosecution of Kratenstein, the Estate has not raised any disputed issue of fact through competent evidence, and therefore the Court can conclude as a matter of law that the Plaintiff has met its burden of showing that the property is subject to forfeiture.

### C. Homestead Defense

█ During his deposition, Jon Christenson took the position that the defendant property was the homestead property of James Christenson, and therefore pursuant to "case law," was exempt from forfeiture. Deposition of Jon Christenson at p. 24–25. The Court notes that attached to the Estate's earlier motion for its attorney to withdraw was a copy of *Havoco of America, Ltd. v. Hill*, 790 So.2d 1018 (Fla. 2001) [DE 28]. Although not properly

---

1. The Estate has proffered no reason why it did not seek to take the deposition of Kratenstein during the discovery phase of this litigation. Kratenstein himself was apparently out of jail at the time of Jon Christenson's deposition on March 7, 2002. Deposition of Jon Christenson at p. 20. The docket in the criminal case, 99–6266–CR–MIDDLEBROOKS, indicates that Kratenstein surrendered on or about April 15, 2001, and received a year and a day sentence, making him eligible for release with good time credit in early March, 2002. Whether or not Kratenstein was in custody throughout the discovery period for this case, the Estate never moved to compel his deposition or extend discovery to take his deposition upon his release.

presented in any memorandum of law in opposition to the Plaintiff's motion for summary judgment, the Court nonetheless addresses the argument raised by this homestead defense.

The United States Court of Appeals for the Eleventh Circuit has clearly held that federal forfeiture law preempts state homestead protections. *United States v. Lot 5, Fox Grove, Alachua County,* 23 F.3d 359, 363 (11th Cir.1994). This conclusion was reached despite the prior Florida Supreme Court ruling that the homestead protections in Florida's constitution prevent *state* civil or criminal forfeiture proceedings. *Butterworth v. Caggiano,* 605 So.2d 56, 61 (Fla.1992). The recent decision in *Havoco v. Hill* reinforced this state law decision. The Florida Supreme Court concluded that even fraudulent conveyances cannot be avoided because of homestead protections. 790 So.2d at 1029. However, these state law decisions do not change the fact that *federal* law remains supreme to state law under the United States Constitution. Therefore, this Court follows the Eleventh Circuit's decision in *Lot 5, Fox Grove,* and rejects a homestead defense to federal forfeiture proceedings.[2]

### D. Innocent Owner Defense

■ Although again not specifically argued by the Estate, the Court concludes that there are no genuine issues of material fact relating to the applicability of an innocent owner defense. In this case, since the Estate's interest in the defendant property was acquired after the conduct giving rise to the forfeiture has taken place, the legal standard to be met is found at 18 U.S.C. § 983(d)(3) (West 2002). Since the Estate was not a bona fide purchaser for value, it must meet the four part test found in subsection (d)(3)(B). At

best, the Estate, in the person of the minor children of the deceased, can only meet subpart (iv), in that the interest in the property was acquired by a legal dependent via transfer by inheritance. However, the remaining parts of the innocent owner defense applicable to this situation include: 1) that the property is the primary residence of the claimant (minor children never principally resided in the home); 2) that the estate (minor children) has no other means of maintaining shelter in the community (minor children live elsewhere with their mothers); and 3) the property is not traceable to the proceeds of any criminal offense. 18 U.S.C. § 983(d)(3)(B)(i)(ii)(iii) (West 2002). A claimant has the burden of proof of showing that the claimant is an innocent owner by a preponderance of the evidence. 18 U.S.C. § 983(d)(1) (West 2002). The Estate has not presented any competent evidence to show that it can maintain an innocent owner defense in this case. Therefore, the Court concludes that Plaintiff is entitled to a summary judgment of forfeiture.

### III. CONCLUSION

For the reasons expressed above, the Court concludes that there are no genuine issues of material fact. Therefore, Plaintiff is entitled to a summary judgment of forfeiture. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment [DE 42] is hereby **GRANTED;**

2. The Court will separately enter a Final Order of Forfeiture in favor of Plaintiff, United States of America;

3. Any other pending motions are hereby **DENIED as moot;**

---

**2.** The Court notes that it is not clear that the homestead of a deceased person remains homestead property. The defendant property

is not the homestead of the deceased minor children, the supposed beneficiaries of the Estate.

4. The Clerk may close the case, the Court retaining jurisdiction for any appropriate post-judgment motions.