**In re Mary Louise CLARK, Debtor.**

**Tamara Miles Ogier, Trustee, Plaintiff,**

**v.**

**Betty Braswell, Defendant.**

**Bankruptcy No. 05–75298–MHM.**

**Adversary No. 07–6445.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Sept. 29, 2009.

Allen P. Rosenfeld, Ellenberg, Ogier, Rothschild & Rosenfeld, Atlanta, GA, for Plaintiff.

Ann V. Broussard, Atlanta, GA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MARGARET H. MURPHY, Bankruptcy Judge.

Plaintiff ("Trustee") filed this adversary proceeding to recover a fraudulent conveyance under 11 U.S.C. § 544 and O.C.G.A. § 18–2–75. After the close of discovery, Trustee filed a motion for summary judgment, which Defendant opposes. For the reasons set forth below, Trustee's motion for summary judgment is granted.

### STATEMENT OF FACTS

For purposes of Trustee's motion for summary judgment, the facts are undisputed. Defendant is Debtor's older sister. On April 26, 2004, Debtor sold her residence to her nephew[1] and received net proceeds of approximately $108,000, which she deposited to her bank account. On May 20, 2004, Debtor withdrew $35,000 (the "Funds") and obtained a cashier's check payable to Defendant and delivered that check to Defendant, who deposited the Funds in her savings account at Southtrust bank. The bank account in which Defendant deposited the Funds was in her name alone. Debtor had no access to the account and received no accounting of the account.

Defendant asserts, and Trustee does not dispute, that Debtor and Defendant have a close and trusting relationship. Defendant agreed to hold the Funds for safekeeping and withdraw them at Debtor's request to supplement Debtor's income and for other necessities. The Funds have all been expended. Defendant asserts that only Debtor benefitted from the Funds. Thus, Defendant argues that she was a mere conduit, and was not, under 11 U.S.C. § 550, an initial transferee. Trustee asserts that at all times relevant, Defendant had ownership, dominion and control over the Funds.

### DISCUSSION

Pursuant to FRCP 56(c), incorporated in Bankruptcy Rule 7056, a party moving for summary judgment is entitled to prevail if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. The burden of proof is on the moving party to establish that a genuine issue of material fact is absent. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). Evidence is to be construed in the light most favorable to the nonmoving party. *Id.; Rollins v. TechSouth, Inc.*, 833 F.2d 1525 (11th Cir. 1987). For the purposes of this motion for summary judgment, Trustee does not dispute the factual assertions of Defendant.

Under 11 U.S.C. § 544, Trustee may avoid any transfer that is voidable under state law by a prepetition unsecured creditor. Under O.C.G.A. § 18–2–75, Trustee may avoid

(a) A transfer made or obligation incurred by a debtor [that] is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the

---

1. Debtor's nephew was living with her at the time of the sale. Debtor continued to live at the property she sold and was living there when she filed her bankruptcy petition. She pays rent to her nephew.

debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

The parties do not dispute that the elements of § 18–2–75 are supported by the undisputed facts.

Trustee seeks to recover the amount transferred to Defendant pursuant to 11 U.S.C. § 550, which provides, in relevant part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made....

The Bankruptcy Code defines "transfer," § 101(54),[2] but the parties do not dispute that a transfer occurred. The Code does not, however, define "transferee" or "initial transferee," the meanings of which are the focus of the dispute in this proceeding.

The most significant case in the U.S. Court of Appeals for the Eleventh Circuit regarding the meaning of "transferee" and "initial transferee" is *Nordberg v. Societe Generale (In re Chase and Sanborn Corp.)*, 848 F.2d 1196 (11th Cir.1988) (*"Societe Generale"*). In that case, the principal of the debtor caused a check in a certain sum ("Sum") to be issued by the debtor and deposited into the bank account of a non-debtor[3] corporation owned by the principal.[4] That Sum was used to cover another check made payable to a creditor of the non-debtor corporation that had been presented and cleared the day before the Sum was deposited. After the debtor filed its bankruptcy petition, the trustee sought to recover from the bank the Sum transferred from the debtor.[5]

The *Societe Generale* opinion enunciated what came to be called the "conduit" test for determining whether an entity is an initial transferee.[6] The focus of the conduit test is whether the entity receiving the funds from the debtor had sufficient dominion and control over the funds to render it a transferee or was merely a conduit through which the funds passed to

---

**2.** " '[T]ransfer' means—
(A) the creation of a lien;
(B) the retention of title as a security interest;
(C) the foreclosure of a debtor's equity of redemption; or
(D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—
(i) property; or
(ii) an interest in property
§ 101(54).

**3.** This term is used here to describe the corporation who was not the debtor in the case in which the trustee was seeking to recover the fraudulently transferred proceeds. That corporation may, in fact, have been a debtor in its own separate bankruptcy case.

**4.** For ease of comparison of the various cases to be discussed, the facts are simplified and the term "principal" is used broadly to mean any person or entity controlling or directing the actions of the debtor.

**5.** The trustee argued that the paper overdraft created by the clearing of the check to the creditor created a debtor-creditor relationship between the non-debtor corporation and the bank. The Court disagreed.

**6.** *See also Andreini & Co. v. Pony Express Delivery Services,* 440 F.3d 1296 (11th Cir. 2006).

the real transferee. The Court described this "control" test as "a very flexible and pragmatic one; ... courts must 'look beyond the particular transfer in question to the entire circumstance of the transactions.'" *Id.* at 1199, *citing Nordberg v. Sanchez (In re Chase & Sanborn Corp.),* 813 F.2d 1177, 1181–82 (11th Cir.1987).[7] The Court concluded that a bank who receives funds from the debtor for the sole purpose of depositing them into the bank customer's account has no dominion or control over the funds and thus is not a transferee within the meaning of § 550, but is merely a conduit through which the funds pass to the real transferee. The *Societe Generale* opinion cited with approval and relied heavily upon the opinion from the U.S. Court of Appeals for the Seventh Circuit, *Bonded Financial Services, Inc. v. European American Bank,* 838 F.2d 890 (7th Cir.1988).

In the *Bonded* case, the principal of the debtor obtained a personal loan from the bank. Later, the debtor sent a $200,000 check to the bank with instructions to deposit it in the account of the principal. Ten days later, the principal instructed the bank to debit his account for $200,000 and apply it to his loan to reduce the outstanding balance. Thereafter, the principal made two more payments to the bank to pay off the loan and the bank released its security interest. After the debtor filed its bankruptcy petition, the trustee sought to recover the transfer from the bank. The *Bonded* court concluded that because the principal had employed a two-step process—transferring the debtor's funds for deposit in the principal's account followed by the principal's transfer of the funds to the bank to pay the loan—the bank was a mere financial intermediary, a conduit, and not the initial transferee. "[T]he minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own uses." *Id.* at 893. The *Bonded* court also opined that, if the check from the debtor had arrived with instructions to apply it directly to the amount owed on the loan to the principal, the bank would have been the initial transferee and the trustee could have recovered the funds.

After the decision in the *Societe Generale* case, another of the numerous Chase & Sanborn disputes generated an opinion further refining the interpretation of § 550. In *Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.),* 904 F.2d 588 (11th Cir.1990), the principal of the debtor had obtained a $22 million loan from the bank. That loan was secured by stock owned by the principal and was guaranteed by the debtor and other corporations owned by the principal. The debtor received $369,288 from the proceeds of the loan. The debtor made several payments on the loan directly to the bank. After the debtor filed its bankruptcy petition, the trustee sought to avoid the guarantee and the payments as fraudulent transfers.

With respect to the payments the debtor made on the principal's loan, the courts below had determined that the principal was the initial transferee because of his control of the debtor, but the Court concluded that those courts had misapplied

---

7. In that case, the focus of the inquiry had been upon whether the *debtor* was a transferor or merely a launderer. A bank account of the corporate debtor, who was already defunct, had been reopened, funds were deposited into the debtor's account by another party, and then the debtor gratuitously transferred the funds to a third party. The Court concluded that the transfer was not avoidable because the debtor never had sufficient control over the funds for them to be considered the debtor's property.

the conduit test.[8] The Court stated that the principal's control of the debtor was irrelevant to the initial transferee issue. The focus was on the bank's control of the funds as compared to that of the principal, the debtor or anyone else, when the funds arrived at the bank. The Court held, in accord with the hypothetical posited in the *Bonded* case, that because the funds had been transmitted from the debtor directly to the bank with instructions to apply the funds to the principal's loan, the bank was the initial transferee.

In the case of *Ragsdale v. South Fulton Machine Works, Inc. (In re Whitacre Sunbelt, Inc.)*, 200 B.R. 422 (Bankr.N.D.Ga. 1996)(J. Bihary), the court applied the principles described in *Arab Banking Corp., Societe Generale*, and *Bonded* to analyze the transaction presented by the trustee's action to recover the proceeds of a fraudulent transfer. In *Whitacre*, the principal owned two corporations. The non-debtor corporation [9] owed a substantial debt to a creditor-supplier and, as the non-debtor corporation's financial difficulties increased, the creditor-supplier threatened to discontinue providing supplies to the non-debtor corporation. Therefore, the principal of the debtor caused the debtor to issue a check payable to the principal. The principal then used that check to obtain a certified check payable to the creditor-supplier, which the principal then delivered to the creditor-supplier.[10]

Judge Bihary decided that this two-step process rendered the principal the initial transferee, so that the creditor-supplier, as a subsequent transferee, could avail itself of the good faith defenses in § 550(b).

Finally, in a case with facts very similar to the facts in this proceeding, the court in *Taunt v. Hurtado*, 342 F.3d 528 (6th Cir. 2003), held that the defendant had dominion and control over the disputed funds sufficient to make her an initial transferee. In *Hurtado*, the debtors transferred the proceeds from the sale of their house and the proceeds from the settlement of a lawsuit to the mother of the debtor-husband ("Mom"). The funds were deposited in Mom's bank account, on which Mom and her husband were the only signatories, and over which they had exclusive control. Mom expended the funds only at the direction of the debtors. Mom kept the money separate from her own and never spent any of it on herself.

In rejecting Mom's argument that she was a mere conduit and should not be held liable as an initial transferee, the *Hurtado* court noted that the very point of the transfer was to insulate the debtors from the money so that the debtors' creditors had no access to it. The court also noted that Mom was under no legal obligation to follow the debtors' directions. The debtors would have had no legal recourse if Mom had chosen to use the funds for her own benefit. The court concluded that the

---

**8.** The *Arab Banking Corp.* case was the first case in which the Court differentiated between the control test enunciated in *Sanchez*, 813 F.2d 1177, which had been employed to determine whether debtor was a transferor, and the control test employed in *Societe Generale*, 848 F.2d 1196, to determine whether the recipient of funds from the debtor was an initial transferee or a mere conduit. The *Arab Banking Corp.* case changed the label of the latter test from "control" to "conduit." *Arab Banking Corp.*, 904 F.2d at 598.

**9.** This term is used here to describe the corporation who was not the debtor in the case in which the trustee was seeking to recover the fraudulently transferred proceeds. That corporation was, in fact, the debtor in its own separate bankruptcy case.

**10.** The principal was also the guarantor of the debt to the creditor-supplier, so that the payment relieved both the non-debtor corporation and the principal of a financial obligation.

actual conduct of Mom, in using the money only in accordance with the debtors' instructions and for the debtors' benefit, was irrelevant. The dominion and control test is concerned only with rights, not conduct.

In the instant case, the Funds were transferred to Defendant absolutely. Debtor had no legally enforceable rights to the Funds. Defendant had complete dominion and control over the funds. Therefore, as she was the initial transferee and Trustee may recover the value of the Funds from Defendant, it is hereby

ORDERED that Trustee's motion for summary judgment is **_granted._**