[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15052
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:08-cv-03154-JOF

RONALD VAHEY,

Plaintiff-Appellant,

versus

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, d.b.a. business as Philips/Lifeline,
LIFELINE SYSTEMS COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 23, 2012)

Before EDMONDSON, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Ronald Vahey, through counsel, appeals the grant of summary judgment in favor of his former employer, Lifeline Systems Company ("Lifeline"), in Vahey's age discrimination suit, filed under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA").[1] No reversible error has been shown; we affirm.[2]

Vahey, who was 47 years old when he was terminated, filed an ADEA complaint against Lifeline alleging that he was discriminated against based on his age. The district court concluded that Vahey failed to make a prima facie case of age discrimination because he failed to establish that he was replaced by or disciplined more harshly than a younger person. In the alternative, the district court also concluded that Lifeline provided a legitimate, nondiscriminatory reason for terminating Vahey and that Vahey failed to show that Lifeline's reason was pretext for age discrimination.

---

[1]Vahey has abandoned expressly his claims against Philips Electronics North America Corporation and his sex discrimination claims under Title VII, 42 U.S.C. § 2000e-2(a)(1).

Vahey has also abandoned his argument that a similarly situated younger Lifeline employee was treated more favorably because Vahey raised the argument for the first time in his reply brief. See Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n, 453 F.3d 1309, 1316 n.7 (11th Cir. 2006). In addition, we will not consider Vahey's argument that he was not selected for a newly created position at Lifeline based on his age: he did not present this argument in the district court. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (explaining that we will not consider arguments on appeal that were not fairly presented below).

[2]We review de novo the district court's grant of summary judgment. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). And we view the evidence in the light most favorable to the non-moving party. Id.

2

To prevail on a disparate treatment claim under the ADEA, a plaintiff must prove that age was the "but-for" cause for the challenged adverse employment action. Gross v. FBL Fin. Servs., Inc., 129 S.Ct. 2343, 2351 (2009). We have traditionally applied the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), to ADEA cases where a plaintiff relies on circumstantial evidence to prove age discrimination. See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). Because the Supreme Court did not overrule this precedent in Gross, we review Vahey's claims under both McDonnell Douglas and Gross. See Gandara v. Bennett, 528 F.3d 823, 829 (11th Cir. 2008) (stating that "we are bound by the holdings of earlier panels unless and until they are clearly overruled en banc or by the Supreme Court").

Under McDonnell Douglas, the plaintiff first must establish a prima facie case of age discrimination by showing that he "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by . . . a younger individual." Chapman, 229 F.3d at 1024. Once a plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the challenged employment action." Id.

If the employer does so, the plaintiff must demonstrate that the employer's proffered reason is a pretext for discrimination. Id. "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head-on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Id. at 1030. In addition, if the employer acted on an honestly held belief that the employee engaged in misconduct, even if it was mistaken, no discrimination exists. Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991).

Even if we assume -- without deciding -- that Vahey established a prima facie case of age discrimination,[3] Lifeline presented a legitimate, nondiscriminatory reason for terminating Vahey based on his adversarial management style and poor relationships with Lifeline employees and customers. Vahey's supervisor, Jeffrey Moore, received repeated complaints from Vahey's subordinates about Vahey's condescending and aggressive managerial style. Even after discussing the issue with Vahey and instructing Vahey to be more

[3]The district court, relying on non-binding case law from other circuits, concluded that Vahey failed to demonstrate that he was replaced by a younger person. Contrary to the district court's statement of the law, a plaintiff may demonstrate that he was replaced when another employee assumes the plaintiff's responsibilities in addition to their own responsibilities after the plaintiff is terminated. See Rollins v. TechSouth, Inc., 833 F.2d 1525, 1529 (11th Cir. 1987). Here, evidence exists that a 36-year-old assumed Vahey's duties after Vahey was fired. Because we conclude that summary judgment was proper on other grounds, however, we need not resolve whether Vahey demonstrated that he was replaced.

encouraging, Moore continued to receive similar complaints. After a National Sales Meeting -- held six months after Moore first advised Vahey to adjust his management style -- Moore received several more complaints about Vahey's disrespectful attitude both from Vahey's subordinates and from other Lifeline employees.

Moore then conducted a more thorough investigation of the matter, including interviewing Vahey's subordinates and instituting a "360 review."[4] The feedback from these investigations was consistent with the various complaints Moore had received about Vahey. Soon thereafter, Moore also received complaints about Vahey from an official at Lifeline's largest and most important customer, who indicated that he did not want to work with Vahey because of Vahey's disrespectful attitude. Based on all of these complaints, Moore and Lifeline's general manager agreed to terminate Vahey.[5]

Because the complaints against Vahey would motivate a reasonable employer to terminate him, Vahey must rebut Lifeline's proffered reason head on.

_____

[4]The 360 review was designed to obtain feedback, determine Vahey's impact on others, and evaluate his skill gaps. The review was conducted by an outside vendor who communicated with Vahey's subordinates, Moore, and other Lifeline employees.

[5]When the decision to terminate Vahey was made, Moore was 44 years old and Lifeline's general manager was 46 years old. See Elrod, 939 F.2d at 1471 (noting that a plaintiff alleging age discrimination by decisionmakers over age 40 faces a "difficult burden" because such decisionmakers "are more likely to be the victims of age discrimination than its perpetrators").

5

See Chapman, 229 F.3d at 1030.  But Vahey failed to do so.  In fact, he concedes that Moore received complaints about him from his subordinates, from other Lifeline employees, and from Lifeline's largest customer.

Vahey argues instead that, because these complaints lacked credibility, Moore should not have relied on them in deciding to terminate him.  But Vahey cannot establish pretext by arguing with the wisdom of Lifeline's decision to terminate him based on allegedly unreliable complaints.  See id.  In addition, nothing evidences that Moore believed that the complaints lacked credibility, particularly given his interviews with Vahey's subordinates and the independently-conducted 360 review.[6]

Construing the facts in the light most favorable to Vahey, Moore -- even if mistaken -- acted on his honestly held belief that Vahey had engaged in misconduct warranting termination.  Thus, Vahey failed to meet his burden to show that Lifeline's proffered reason for terminating him was pretextual.  See Elrod, 939 F.2d at 1470.  For the same reasons, Vahey also failed to establish that

---

[6]We reject Vahey's assertion that Moore's failure to comply with Lifeline's company policies for disciplining employees and for conducting 360 reviews constituted evidence of discriminatory intent.  Not only were these company policies discretionary, but Vahey fails to demonstrate a nexus between Moore's failure to adhere to the policies and Vahey's protected status.  See Mitchell v. USBI Co., 186 F.3d 1352, 1355-56 (11th Cir. 1999) ("Standing alone, deviation from a company policy does not demonstrate discriminatory animus.").

6

age discrimination was the "but-for" cause of his adverse employment action, as required under Gross.

AFFIRMED.