[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11372
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-22508-JAL


MICHAEL LEON HALL,

Plaintiff-Appellant,

versus

WARDEN P. SKIPPER,
WARDEN REID,
MARTIN CI WARDEN,
DR. C. LE,
Columbia Correctional Institution Annex, Physician,
DR. C. GONZALEZ,

Defendants-Appellees,

DR. MORALES,
Martin Correctional Institution, Physician, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2020)

Before JORDAN, NEWSOM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Michael Hall, a Florida prisoner proceeding *pro se*, appeals the district court's grant of the defendants' motion for summary judgment and dismissal of his 42 U.S.C. § 1983 civil rights action, raising a deliberate indifference claim under the Eighth Amendment due to a bacterial infection stemming from excessively high levels of disinfection byproducts in the water supply of his place of confinement.[1]  On appeal, Hall argues that the district court erred in granting summary judgment by concluding that he failed to establish the essential elements for a deliberate indifference claim under the Eighth Amendment.

---

[1] Hall specified in his notice of appeal that he also appealed the district court's separate grant of summary judgment dismissing his claims against two doctors.  Because Hall presents no issue on appeal as to the grant of summary judgment on his claims against the doctors, any issue he could have raised is deemed abandoned, and we affirm the district court's grant of summary judgment for the defendant doctors. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

# I.

"We review a district court order granting summary judgment *de novo*, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." *Battle v. Bd. of Regents for Ga.*, 468 F.3d 755, 759 (11th Cir. 2006). A district court may grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (internal quotation marks omitted). If the movant makes such a showing, the burden shifts to the nonmoving party to show that a genuine issue of fact exists. *Id.* Summary judgment should be granted against a party who fails to establish the existence of an essential element of his case for which he will bear the burden of proof at trial. *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016). "[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Further, a plaintiff cannot defeat a motion for summary judgment through his own bare and self-serving allegations. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 851 (11th Cir. 2000).

Section 1983 of Title 42 makes any person acting under color of state law liable to an injured party for depriving the injured party of his rights under the Constitution. 42 U.S.C. § 1983. The Eighth Amendment prohibits cruel and

3

unusual punishment and imposes upon prison officials the duty to provide prisoners with "reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." U.S. Const. amend. VIII; *Harris v. Thigpen*, 941 F.2d 1495, 1511 (11th Cir. 1991) (quotation marks omitted). Where the prisoner challenges his conditions of confinement, the relevant inquiry is whether the prison officials involved acted with "deliberate indifference" to the prisoner's health or safety. *Hope v. Pelzer*, 536 U.S. 730, 737–38, 122 S. Ct. 2508, 2514 (2002).

A deliberate-indifference analysis requires (1) an objective showing of a deprivation that is serious enough to constitute the denial of the "minimal measure of life's necessities," (2) a subjective showing that the prison officials involved acted with deliberate indifference, and (3) causation. *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). A variation of these requirements is that the prisoner must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). The second element requires that the prison officials know that the inmate faces a substantial risk of serious harm and disregard it by not taking reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994).

4

## II.

Hall argues on appeal that the district court erred in granting summary judgment to the defendants because he established the elements to sustain a deliberate indifference claim.  He contends that it was known that the Martin Correctional Institution's ("MCI") water contamination could cause long-term health problems and that the defendants knew of the risk but failed to make arrangements to provide the inmates with an alternative water supply or the option of being transferred to another facility.  He also proffers that he did not suffer any ailment prior to his placement at MCI but contracted the bacteria while at MCI, and this fact establishes causation.  The defendants respond that the district court properly granted summary judgment to them because (1) there was no unsafe condition at MCI because it was in compliance with standards for the presence of bacteria in the water; (2) the wardens were not deliberately indifferent because MCI informed inmates of the excessively high levels of disinfection byproducts and associated health consequences and ultimately changed the source of water supply; and (3) Hall did not establish causation because he presented no evidence to suggest that the bacteria *Heliobacter Pylori* ("*H.P.*") was present in MCI's water supply or that the disinfection byproducts would cause an *H.P.* infection.

We conclude, based on this record, that the district court did not err in granting summary judgment to the defendants.  Hall did not present evidence

demonstrating that his continued exposure to drinking water with excessively high levels of disinfection byproducts exposed him to a substantial risk of serious harm, much less caused his *H.P.* infection or gastrointestinal symptoms. The only evidence of long term harm was Hall's own self-serving allegation in his complaint that exposure to these byproducts over several years could cause liver, kidney, nerve damage, and increase the risk of cancer, of which he has no personal knowledge or medical proof. In addition, the evidence established that his symptoms were attributed to chronic constipation as noted by the institution's physicians, that high levels of disinfection byproducts were not indicators of the presence of bacteria in the water supply, and that there were no studies suggesting that exposure to disinfection byproducts increased the risk of an *H.P.* infection.

Because Hall presented no evidence demonstrating that (1) his continued exposure to drinking water with excessively high levels of disinfectant byproducts exposed him to a substantial risk of serious harm, and (2) the disinfection byproduct levels did or could result in his bacterial infection, we hold that the district court did not err in granting summary judgment for the defendants.

**AFFIRMED.**