[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-13531

Non-Argument Calendar

————————————————

HAPPY JOHNSON,

                                    Plaintiff-Appellant,

*versus*

SPALDING COUNTY, GEORGIA,

                                    Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:22-cv-00182-TCB

————————————————

Before ROSENBAUM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Happy Johnson, a woman, appeals the district court's grant of summary judgment for her employer, Spalding County, Georgia (the County), on her gender discrimination claim under Title VII of the Civil Rights Act of 1964 and her associational-discrimination claim under the Americans with Disabilities Act (ADA). On appeal, Johnson first argues that the district court improperly refused to consider hearsay evidence she presented at the summary judgment stage. She also argues that the district court erred in finding that she could not establish pretext under the *McDonnell Douglas*[1] framework and that she could not present a convincing mosaic of discrimination. Finally, she also contends that she should have survived summary judgment because she presented a viable mixed-motive gender discrimination claim. After careful review, we affirm.

**I.**

We turn first to Johnson's argument that the district court improperly refused to consider hearsay evidence she presented at the summary judgment stage. "We review a district court's evidentiary rulings at the summary judgment stage only for abuse of discretion." *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 910 (11th Cir. 2012). Under the abuse of discretion standard, we must affirm the

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

district court's decision unless we find that the district court applied the incorrect legal standard or committed a clear error of judgment. *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 808 (11th Cir. 2017).

Under the Federal Rules of Evidence, hearsay is an out-of-court statement offered into evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Generally, hearsay is not admissible at trial. Fed. R. Evid. 802. But some statements, such as a statement offered against an opposing party and "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" are considered hearsay exclusions. Fed. R. Evid. 801(d)(2)(D). There are also several exceptions under which hearsay may be admissible. *See* Fed. R. Evid. 802; Fed. R. Evid. 803. "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805.

In considering a motion for summary judgment, a district court generally cannot consider inadmissible hearsay. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012). But the district court may consider a hearsay statement at the summary judgment stage "if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id.* at 1293–94 (quotation marks omitted). A typical method for having hearsay testimony reduced to admissible form is to have the declarant of the statement testify to the matter at trial. *Id.* at 1294.

Johnson served as the chief counselor at the Spalding County Correctional Institute (SCCI).  During her career, she applied for several deputy warden positions, including the deputy warden for care and treatment.  But Johnson was not selected for any of those positions.

In her response to the County's motion for summary judgment, Johnson submitted a declaration from Joni Adams, the former administrative assistant to Beth Griffin, the deputy warden for care and treatment at SCCI.  In the declaration, Adams stated that Carl Humphrey, the warden of SCCI, told his administrative assistant, Angie Perdue, that he "was not considering Happy Johnson for the [Deputy Warden] role because of her husband's illness."  Adams also asserted that Humphrey told Perdue that he "wanted a man for the Deputy of Care and Treatment position."  The district court found that this declaration was hearsay and could not be reduced to admissible evidence at trial.  Thus, the district court did not consider the declaration when evaluating the motion for summary judgment.

Adams' declaration contains two sets of out of court statements —(1) Humphrey's statements to Perdue and (2) Perdue's statements to Adams— thus, the declaration contains double hearsay—hearsay within hearsay.  Johnson, therefore, cannot rely on this declaration unless she can show that both levels of hearsay would meet an exclusion or exception to the hearsay rules.  *See Jones*, 683 F.3d at 1293–94.  Because Humphrey made the statements to Perdue as an employee of the County, Humphrey's

statements qualify as statements by a party opponent and are, therefore, excluded from hearsay.  *See* Fed. R. Evid. 801(d)(2)(D).

As to Perdue's statements to Adams, Johnson argues that the statements could be admitted at trial because Perdue could testify that "Humphrey made those statements to her or within her earshot" and a hearsay statement in an affidavit may be admissible by calling the affiant to testify at trial.  That said, Johnson has provided no evidence that Perdue would testify,[2] so Johnson has only provided "a suggestion that admissible evidence might be found in the future," which "is not enough to defeat a motion for summary judgment."  *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996).

Thus, the district court did not abuse its discretion in refusing to consider Johnson's hearsay evidence because she did not show that the evidence could be reduced to admissible evidence at trial or reduced to admissible form.

## II.

We turn next to Johnson's argument that the district court erred in finding that she could not establish pretext under the *McDonnell Douglas* framework and that she could not present a convincing mosaic of discrimination.  We review de novo a district

---

[2] Johnson's singular footnote that Perdue is an agent of the County was presented in a conclusory manner and cites no binding authority.  Thus, this argument is abandoned.  *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681 (11th Cir. 2014).

court's grant of summary judgment.  *Anthony v. Georgia*, 69 F.4th 796, 804 (11th Cir. 2023).  Summary judgment is appropriate when there are no genuine disputes as to any material fact, even when the evidence is viewed in the light most favorable to the non-movant. Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists if a reasonable jury could return a verdict for the non-movant on the issue.  *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1284–85 (11th Cir. 1997).  But "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment."  *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987).

## A.

Without direct evidence of discrimination, a plaintiff can prove a sex discrimination claim under Title VII through circumstantial evidence, which we generally analyze using the three-step, burden-shifting framework established in *McDonnell Douglas*. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002) (per curiam).  The *McDonnell Douglas* framework also applies to claims brought under the ADA.[3]  *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

---

[3] The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  Under the Act, the term "discriminate" is defined to include "excluding or otherwise denying equal jobs or benefits to a qualified individual

Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case of intentional discrimination. *Joe's Stone Crabs, Inc.*, 296 F.3d at 1272. If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981). As long as the employer presents a "clear and reasonably specific" nondiscriminatory basis for its actions, it has discharged its burden of production. *Id.* at 254–55, 258. The burden then shifts back to the plaintiff to show that the employer's stated reasons "were not its true reasons, but were a pretext for discrimination." *Id.* at 253–56.

To prove pretext, an employee must directly rebut an employer's proffered reasons for its action and cannot simply question the wisdom of the employer's decision. *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307–08 (11th Cir. 2023). Moreover, "she must point to weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the justification." *Id.* at 1308 (internal quotation marks omitted). "A reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason'" for the employer's actions. *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)). "Although a comment unrelated to a termination decision may *contribute* to a circumstantial case for pretext, it will

because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." *Id.* § 12112(b)(4).

usually not be sufficient absent some additional evidence support-ing a finding of pretext." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1229 (11th Cir. 2002) (citation omitted).

Johnson applied for the deputy warden of care and treat-ment position at SCCI. Eric Sellers also applied for that position. Warden Humphrey employed an independent hiring panel, com-prised of three wardens, to conduct the interviews for the deputy warden position.[4] The panel created a list of 15 questions that it asked each applicant, and it rated each applicant's answer on a scale of one through five. Sellers was the highest scoring applicant, while Johnson was the third-highest scoring applicant. The panel rated Johnson lower than Sellers because Johnson's knowledge was limited to her duties as a counselor and the policies of Spalding County, and Sellers knew more about what was required to make the wide-ranging decisions of a deputy warden. After Humphrey received the panel's rankings and recommendations, he recom-mended Sellers for the position. Sellers was then approved for the position by the County Manager.

Johnson argues that the district court erred in finding that she failed to show that the County's nondiscriminatory reason for promoting Sellers was pretext because: (1) Humphrey's comment about needing to "lay off of" Johnson due to her husband's illness is circumstantial evidence of disability discrimination, and (2) her high-performance ratings would allow a jury to infer that Sellers—

---

[4] Humphrey did not serve on the panel and did not help develop the questions.

who was selected as the deputy warden of care and treatment—was not more qualified than Johnson.

Still, Johnson's arguments fail. Although Humphrey's comment could contribute to a circumstantial case for pretext, *Scott*, 295 F.3d at 1229, Johnson still must present evidence that contradicts the County's reasoning for not hiring Johnson. And Johnson only points to her high-performance ratings to justify why she should have gotten the position over Sellers. But Johnson does not engage with the reality that the panel scored Sellers higher on the interview questions and the fact that he had more experience in the deputy warden position than Johnson did, which the County said made Sellers more qualified.

Thus, the district court did not err in finding that Johnson could not show that the County's nondiscriminatory reasons for not promoting her were pretextual.

*B.*

Johnson also contends that her evidence of pretext provides a convincing mosaic of discrimination. A plaintiff may also defeat a summary judgment motion by presenting "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019). A convincing mosaic can be shown by "(1) suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) evidence that the employer's justification is

pretextual." *Id.* (alteration adopted and internal quotation marks omitted). "The convincing mosaic approach is—in its entirety—the summary judgment standard. That phrase 'is a metaphor, not a legal test and not a framework.'" *McCreight v. AuburnBank*, 117 F.4th 1322, 1335 (11th Cir. 2024).

Here, Johnson has presented no evidence that the County's proffered reason—that Sellers was more qualified—was pretextual. As for Humphrey's comment about "laying off of" Johnson, Johnson did not provide any evidence that this comment was made to anyone on the panel or that the panel knew of her husband's illness. Nor did Johnson show that the comment was made in relation to the decision to promote Sellers. Johnson's argument that she presented a convincing mosaic by showing that Sellers was preselected for the role and Humphrey never intended to follow the panel's recommendation is unpersuasive because Sellers was the highest-scoring candidate, and Humphrey testified that he always recommended the highest-scoring candidate unless he was aware of a disciplinary issue. Thus, the district court did not err in finding that Johnson failed to present a convincing mosaic of discrimination.

## III.

We turn finally to Johnson's argument that she should have survived summary judgment because she presented a viable mixed-motive gender discrimination claim. An employee succeeds on a mixed-motive claim if she "demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the

practice." 42 U.S.C. § 2000e-2(m). The *McDonnell Douglas* framework "is inappropriate for evaluating mixed-motive claims," and instead, the plaintiff need only show by a preponderance of the evidence that the (1) employer took an adverse employment decision against her, and (2) a protected characteristic was a motivating factor for that decision. *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1237, 1239 (11th Cir. 2016).

Here, the district court properly found that Johnson did not present a viable mixed-motive claim because she did not provide any admissible evidence that showed that her gender was a motivating factor in the decision not to promote her.

### IV.

First, the district court properly refused to consider Johnson's hearsay evidence at summary judgment because the hearsay could not be reduced to admissible evidence at trial or reduced to admissible form. Second, the district court also properly found that Johnson failed to show that the County's nondiscriminatory reasons for not promoting Johnson were pretext for discrimination or provide a convincing mosaic of discrimination. Last, the district court properly determined that Johnson did not present a viable mixed-motive gender discrimination claim because she provided no admissible evidence that her gender was a motivating factor in the County's decision not to promote her. Thus, we affirm the district court's grant of summary judgment for the County.

**AFFIRMED.**